**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR**<br><br>PLAINTIFFS,<br><br>V.<br>**SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C., ET AL.**<br><br>DEFENDANTS. | **CASE NO. 18-2786 (CKK)** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

Defendant SEED Public Charter School of Washington, D.C. ("SEED" and/or "Defendant"), by and through its undersigned counsel, pursuant to FRCP 12(b)(1), 12(b)(6), LCvR 7, and this Court's December 3, 2018 Order Establishing Procedures ¶¶ 10-11, hereby respectfully moves this Court to dismiss Plaintiff's Amended Complaint against it with prejudice, and hereby files this Memorandum of Points and Authorities in Support.

### I.   INTRODUCTION

Despite Plaintiff's lengthy Amended Complaint, there is no legal justification for this lawsuit.  Plaintiff Chante Lee, as parent and next friend of minor ML, contends that SEED Public Charter School's negligence and violations of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794a) and the Individuals with Disabilities Education Act (20 U.S.C. § 1411 et seq.), prevented her son from obtaining a normal childhood education and caused him *inter alia*, severe emotional distress.  However, Plaintiff's claim under the § 504 of the Rehabilitation Act of 1973 is barred by the one (1) statute of limitations.  Even if it is not barred, Plaintiff fails to plead sufficient facts, accepted as true, to state a claim under the Rehab Act that is plausible on its face.

In addition, this Court lacks subject matter jurisdiction over Plaintiff's federal claims because she failed to exhaust administrative remedies pursuant to 20 USC § 1415.

District of Columbia law provides that SEED Public Charter School is immune from civil liability for ordinary negligence. Plaintiff fails to allege conduct sufficiently extreme to rise to the required level of gross negligence to allow her to circumvent this immunity. Further, since SEED is a voluntary not for profit organization, Plaintiff could have withdrawn M.L. from the school, which she ultimately did, if she disagreed with SEED's decisions. As the District of Columbia Court of Appeals held in *Blodgett*, it is improper for Plaintiff to ask this Court to re-analyze and second-guess a voluntary organization's discretionary decision. As a result, Plaintiff fails her burden of pleading as a matter of law, and this Court should dismiss this Amended Complaint with prejudice.

## II.    FACTUAL BACKGROUND

Plaintiff Chante Lee has brought this action against SEED, a not for profit public charter boarding school in the District of Columbia, on behalf of her now twelve year old son ML.[1] Am. Compl. ¶ 3. She pleads that minor ML, who is autistic, was a residential sixth grade student at SEED during the 2016 school year and lived on the SEED campus housing from 2016 through 2017. *Id*. at ¶ 15. Ms. Lee "alleges that ML was the victim of several instances of violence and bullying committed by other students at the SEED School during the 2016-2017 school year." *Id*. at ¶ 16.

Specifically, Ms. Lee provides that "on or about September 26, 2016, two students at SEED assaulted minor ML on the soccer field. ML was stomped in the face, hit with rocks and suffered a concussion." *Id*. at ¶ 17. Ms. Lee submits that she filed a police report on September

---

[1] Plaintiff provides that at the time of these allegations, ML was ten years old and in the sixth grade. Am. Compl. ¶¶ 3, 15.

27, 2016 and provided a copy to Adrian Manuel, then SEED's Head of School.  *Id*.  She asserts that the "SEED administration personnel acknowledged the constant bull[y]ing by some SEED students" on October 25, 2016 and "promised to monitor the situation and take action to protect ML from violence and bullying".  *Id*. at ¶ 18.  She asserts that the SEED students involved in attacking ML on September 26, 2016 were expelled from SEED.  *Id*.

Ms. Lee contends that "[t]he constant teasing by students of the minor intensified in September 2017" to the point that "[h]e was afraid to leave his dormitory room to go to the bathroom at night."  *Id*. at ¶ 22, 24.  Ms. Lee alleges that "on or about September 19, 2017, ML was attacked in the boys['] gym locker room by other male students."  *Id*. at ¶ 19.  ML was physically assaulted, stomped and punched."  *Id*. at ¶ 20.  She states she was not notified of the incident and was not provided an incident report.  *Id*. at ¶ 19.[2]  She alleges that ML "was labeled gay by some students… [and] teased constantly in the shower and bathroom."  *Id*. at ¶¶ 23-24. She asserts, "Students circulated video of ML naked in the shower, pronouncing him gay."  *Id*. at ¶ 23.  Ms. Lee provides that on September 27, 2017, after students verbally assaulted and insulted ML, he attempted suicide.  *Id*. at ¶ 25.

Ms. Lee removed her son ML from the SEED Residential program on September 27, 2017.  *Id*. at ¶ 26.  She alleges that on October 17, 2017, she withdrew ML from SEED school because SEED administrators advised her that ML must be enrolled in the Residential program to attend the school.  *Id*. at ¶¶ 27-28.  Plaintiff provides that another SEED Residential student did, in fact, commit suicide, resulting in her death in October 2017.  *Id*. at ¶ 29.  She also alleges several instances of bullying against other students at SEED and that parents have complained *inter alia*, "the school doesn't do enough to keep students safe."  *Id*. at ¶¶ 31-37.  Ms. Lee, as

---

[2] Notably, Plaintiff's initial Complaint omitted the allegation that she was not notified and alleged she "requested an incident report from SEED but her request was denied.  Compl. at ¶ 9; Am. Compl. at ¶ 21.

parent and next friend of minor ML, has brought this Amended Complaint against SEED and Mecha Inman, [3] in her official and individual capacity as Head of SEED School, for violations of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794a), violations of the Individuals with Disabilities Education Act (20 U.S.C. § 1411 et seq.), gross negligence, and negligent infliction of emotional distress.  *See generally* Am. Compl.

## III.    STANDARD OF REVIEW

### A.      <u>Lack of Subject Matter Jurisdiction</u>

"A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction." *Hunter v. United States Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 98 (D.D.C. 2010). "In determining whether there is jurisdiction, the Court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Id.* In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence." *Id.* "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Id.*

---

[3] Per the Court's online public docket, Plaintiff has not served Mecha Inman with service of process in this action as of December 6, 2018.

**B.    Failure to State a Claim for Which Relief May Be Granted**

Whether under District of Columbia or federal law, a complaint must contain sufficient facts, accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint, but not the legal conclusions. *Id.* In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible when the factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. While plausibility does not equate to the "probability requirement, [a plaintiff must show] more than a sheer possibility that a defendant acted unlawfully." *Id.* The complaint must include more than mere "labels and conclusions." *Id.*

The Court need not accept inferences drawn by Plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept Plaintiff's legal conclusions. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[D]ismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim." *King v. District of Columbia*, 878 F.Supp 8, 11 (D.D.C. 2012).

**IV.     PLAINTIFF'S FEDERAL CLAIMS**

    **A.     Plaintiff Fails to State a Claim for Which Relief Can be Granted Under § 504 of the Rehabilitation Act of 1973 ("Rehab Act").**

        1.     Plaintiff's Rehab Act Claim Is Barred by The One Year Statute of Limitations.

"The Rehabilitation Act contains no specific statute of limitations, and as a result courts generally borrow one from an analogous state cause of action." *Congress v. District of Columbia*, 324 F. Supp. 3d 164, 171 (D.D.C. 2018). In *Congress*, the District Court held that the Rehab Act was more analogous to the D.C. Human Rights Act state cause of action and applied its one-year statute of limitations to bar a plaintiff's Rehab Act claim. *Id*. The District Court relied upon the District of Columbia Court of Appeals opinion in *Jaiyeola v. District of Columbia*, 40 A.3d 356, 368 (D.C. 2012), which explained:

> D.C. Human Rights Act and the Rehabilitation Acts have a shared purpose and ambitious aims—both seek to end discrimination against individuals with disabilities. To achieve that goal, both statutes create private causes of action for disabilities who have been victimized by disability discrimination and both allow for a similar set of remedies including compensatory damages and equitable relief. And both statutes employ substantially the same definition of the term disability. The only real substantive difference between the two goes to the scope of their coverage: the D.C. Human Rights Act prohibits discrimination on additional bases such as gender and race and applies broadly to proscribe discrimination in employment, membership in labor unions, housing and real estate transactions, public accommodations, and education institutions. The Rehabilitation Act, on the other hand, focuses solely on discrimination against individuals with disabilities by programs or activities receiving federal funds. But these differences of scope do not override the similarities at the core of the two statutes.

*Congress,* 324 F. Supp. 3d at 172 (quoting *Jaiyeola,* 40 A.3d at 365, 367).

    Additionally, the District Court held that its decision to apply the one (1) year statute of limitations was also consistent with the deference owed to the District of Columbia Court of

Appeals on matters of D.C. law. *Id*. at 173. The District Court held that it "accords considerable persuasive weight to the conclusion of the D.C. Court of Appeals, as the final authority on D.C. law, that the D.C. Human Rights Act is the more analogous cause of action." *Id*.

The crux of Plaintiff's allegations derives from the alleged disability-based assault on ML that occurred on September 26, 2016 and SEED's alleged actions and/or inactions following the incident. Am. Compl. ¶¶ 17, 102, 105 138. Ms. Lee admits she had actual knowledge of the alleged disability-based assault no later than September 27, 2016 when she filed the police report. *Id*. at ¶ 17. Ms. Lee filed this lawsuit against SEED on August 22, 2018. *See* D.C. Superior Court Docket. Since Ms. Lee's lawsuit was filed more than one (1) year after the alleged September 26, 2016 disability discrimination, her Rehab Act claim is untimely. As a result, this Court should dismiss Plaintiff's Rehab Act claim with prejudice.

2.      Plaintiff Fails to Plead Sufficient Factual Matter Giving Rise to A Viable Claim of Relief Under The Rehab Act.

"The Rehabilitation Act provides that [n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). *Colbert v. District of Columbia*, 78 F. Supp. 3d 1, 30 (D.D.C. 2015) (internal quotations and citations omitted). "The purpose of the Act is to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." *Id*. at 31 (internal quotations and citations omitted). "[T]o allege a Rehab claim, a plaintiff must assert discrimination solely by reason of his or her disability." *Id*. at 32 (internal quotations and citations omitted). "The Act prohibits discrimination based on disability; it does not impose a standard of care or a minimum level of services that must be provided to the disabled." *Id*. (internal quotations and citations omitted).

Ms. Lee pleads that SEED created and/or subjected ML to a hostile educational environment in violation of the Rehab Act.  Am. Compl. 101.  She alleges that the disability-based assault deprived ML of access to educational opportunities or benefits provided by the school.  *Id*. at ¶ 100.  She asserts, "Defendant Seed's failure to promptly and appropriately respond to the alleged disability-based harassment, resulted in M.L. on the basis of his disability, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in defendant Seed's education program in violation of § 504 of the Rehabilitation Act of 1973."  *Id*. at ¶ 103.

Here, Plaintiff fails to plead sufficient facts, accepted as true, to state a claim under the Rehab Act that is plausible on its face.  *Ashcroft,* 556 U.S. at 678.  Despite Plaintiff's lengthy Amended Complaint, Plaintiff fails to establish that SEED's alleged discrimination against ML was solely by reason of his disability.  *Colbert,* 78 F. Supp. 3d at 32.  In addition, Plaintiff fails to plead and cannot establish that SEED treated ML differently than able-bodied individuals.  *Id.* at 31.  Although Plaintiff's allegations include buzzwords like disparate treatment, the complaint must include more than mere "labels and conclusions." *Ashcroft* at 663.  In fact, Plaintiff asserts that other parents were allegedly having similar complaints with SEED as to how it was responding to their respective child's allegations of bullying and harassment.  Am. Compl. at ¶¶ 31-37.  As a result, Plaintiff cannot establish ML was treated differently solely by reason of his disability when other students allegedly experienced the same treatment.  As a result, Plaintiff's Rehab Act claim fails as a matter of law.

**B.**      **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's IDEA and Rehab Act Claims.**

1.      Plaintiff's IDEA Claim Is Barred for Failure to Exhaust Her Administrative Remedies Pursuant to 20 USC § 1415.

The Individuals with Disabilities Education Act ("IDEA") ensures that "all children with disabilities have available to them a free appropriate pub[l]ic education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." *Torrence v. District of Columbia*, 669 F. Supp. 2d 68, 69 (D.D.C. 2009), quoting 20 U.S.C. § 1400(d)(1)(A)).   "In other words, the IDEA guarantees children with disabilities the right to a free appropriate public education (FAPE)." *Id*.

"IDEA embodies significant procedural safeguards which may be enforced through administrative hearings and civil actions in state or federal courts." *Clay v. District of Columbia*, 831 F. Supp. 2d 36, 50 (D.D.C. 2011).   "A two-year statute of limitations is among the Act's procedural safeguards."   *Id*., citing 20 U.S.C. § 1415 (b)(6)(B) (statute provides "[a]n opportunity for any party to present a complaint . . . which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint[.]").   "Judicial review is generally unavailable under the IDEA unless all administrative procedures have been exhausted[,] and the court does not have subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels." *Id*.; *See also* 20 U.S.C. § 1415 (i)(2).

Here, Plaintiff has failed to plead and cannot establish that she has exhausted the administrative remedies required to bring a civil action under the IDEA.  As a result, this Court lacks subject matter jurisdiction and should dismiss the IDEA claim with prejudice.

9

Even if this Court afforded Plaintiff the opportunity to exhaust her administrative remedies her claims would be barred by the IDEA's two (2) year statute of limitations.   The alleged disability discrimination giving rise to Plaintiff's IDEA claim occurred on September 26, 2016.   Am. Compl. ¶¶ 17, 102, 105 138.   Ms. Lee was barred from filing an administrative complaint by September 26, 2018.   Plaintiff fails to plead that she has filed such an administrative claim and as a result, her administrative complaint would be barred. Thus, this Court should dismiss Plaintiff's IDEA claim, with prejudice, for lack of subject matter jurisdiction, or in the alternative, for failure to plead a claim for which relief can be granted.

2.      Plaintiff's Rehab Act Claim Is Barred for Failure to Exhaust Her Administrative Remedies Pursuant to 20 USC § 1415.

The Supreme Court of the United States recently analyzed the IDEA to determine the scope of its exhaustion requirements.   *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017). "Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit seek[s] relief that is also available under the IDEA.   *Id*.   The Supreme Court held "that to meet that statutory standard, a suit must seek relief for the denial of a FAPE, because that is the only relief the IDEA makes available."   *Id*.   The Supreme Court next concluded "that in determining whether a suit indeed seeks relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint."   *Id*.   The Court reasoned:

> But that examination should consider substance, not surface. The use (or non-use) of particular labels and terms is not what matters. The inquiry, for example, does not ride on whether a complaint includes (or, alternatively, omits) the precise words[] "FAPE" or "IEP." After all, §1415(l)'s premise is that the plaintiff is suing under a statute other than the IDEA, like the Rehabilitation Act; in such a suit, the plaintiff might see no need to use the IDEA's distinctive language—even if she is in essence contesting the adequacy of a special education program.

*Id*. at 755.

Here, Plaintiff's allegations for violations of the IDEA and Rehab Act are nearly identical. *See* Am. Compl. Counts I and IV.  Although Plaintiff does not utilize the word FAPE or other buzzwords from the IDEA, Plaintiff essentially contests the adequacy of SEED's education program for ML by alleging he was deprived of a normal childhood education and educational opportunities at SEED.  Plaintiff pleads the following:

- M.L. endured harassment and subsequent emotional and psychological trauma that followed from defendant Seed's failure to properly handle the incidents described herein, all of which deprived M.L. of educational opportunities and benefits of the school. Am. Compl. at ¶ 87.

- M.L. has also been deprived of a normal childhood education due to defendant Seed's acts and conduct and the resulting educational environment. *Id*. at ¶ 97.

- M.L. has also been damaged by missed educational opportunities and his future earning capabilities have been damaged by defendant Seed's acts and conduct and the resulting hostile educational environment. *Id*. at ¶ 98.

- The disability-based assault and harassment M.L. endured was severe, pervasive, and objectively offensive that it deprived the plaintiffs of access to educational opportunities or benefits provided by the school. *Id*. at ¶¶ 100, 136.

- Defendant Seed's failure to promptly and appropriately respond to the alleged disability-based harassment, resulted in M.L. on the basis of his disability, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in defendant Seed's education program in violation of § 504 of the Rehabilitation Act of 1973. *Id*. at ¶¶ 103, 139.

Here, Plaintiff in her 146 paragraph Amended Complaint essentially seeks relief for SEED's alleged failure to provide ML a fair appropriate public education.  As a result, Plaintiff

was required to exhaust the IDEA administrative remedies prior to bringing a Rehab Act claim

which seeks the same relief.[4]

## V. PLAINTIFF'S DISTRICT OF COLUMBIA SUBSTANTIVE LAW CLAIMS

   A.     **Plaintiff Fails to Assert a Gross Negligence Claim for Which Defendant Can
          Be Held Liable.**

The District of Columbia provides:

> A public charter school, and its incorporators, Board of Trustees,
> officers, employees, and volunteers, shall be immune from civil
> liability, both personally and professionally, for any act or
> omission within the scope of their official duties unless the act or
> omission:
>> (i) Constitutes gross negligence;
>> (ii) Constitutes an intentional tort; or
>> (iii) Is criminal in nature.

D.C. Code Ann. § 38-1802.04(c)(17)(A) (2018).

It is well-settled in the District of Columbia that "where there is a statute that precludes

liability for ordinary negligence, courts have defined gross negligence as such an extreme

deviation from the ordinary standard of care as to support a finding of wanton, willful and

reckless disregard or conscious indifference for the rights and safety of others." *Wells v. Hense*,

235 F. Supp. 3d 1, 22 (D.D.C. 2017) (internal quotations omitted) *citing D.C. v. Walker*, 689

A.2d 40, 44–45 (D.C. 1997) *and* D.C. Code Ann. § 38–1802.04(17)(A).  The standard "has been

held to connote that the actor has engaged in conduct so extreme as to imply some sort of bad

faith."  *Walker*, 689 A.2d at 44.

Here, Ms. Lee's claims of "gross negligence" warrant dismissal because she pleads

conclusory statements without sufficient factual support.  Her Amended Complaint is comprised

---

[4] Plaintiff also seeks money damages for resulting emotional distress.  Am Compl. 110; *See* Prayer for Relief at pg.
25. The Supreme Court declined to answer whether seeking money damages bring a plaintiff's current claims
outside the IDEA and the § 1415(l) exhaustion requirement.  *Crockett v. Mayor of the District of Columbia*, 279 F.
Supp. 3d 100, 111 (D.D.C. 2017) (citing *Fry*, 137 S. Ct. at 752, n.4, 754 n.8).

of buzzwords and allegations that are "merely consistent with a defendant's liability." *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1129 (D.C. 2015). Plaintiff asserts instances in which her son was bullied and harassed on September 26, 2016 and September 19, 2017. Am. Compl. ¶¶ 17-19. She alleges that Defendant acknowledged awareness of the bullying on October 25, 2016. *Id*. at ¶ 18.

In sum, Ms. Lee pleads that SEED failed to take corrective action to remedy the misconduct, exposing ML to bullying and severe emotional distress. *Id*. at ¶ 116. She claims that SEED's actions were in "bad faith," "highly unreasonable," and it acted with "deliberate indifference and reckless disregard of the foreseeable consequences of violence by SEED students…." *Id*. at ¶¶ 117, 118, 120. She asserts, "Defendants Seed and Inman's outrageous conduct as described herein is an extreme departure from the ordinary care to be exercised by an educational institution responsible for the safety and welfare of its students and constitutes an extraordinary circumstance." *Id*. at ¶¶ 121; 123; 125-126. Further, she alleges, "Defendants Seed and Inman's action or inaction as described herein wantonly, willfully and recklessly disregarded the rights and safety of M.L." *Id*. at ¶ 124.

However, Plaintiff's conclusions are unsupported. Plaintiff admits that SEED expelled the students involved in the September 26, 2016 attack on ML. In addition, Plaintiff submits that SEED released the following statement:

> The safety and security of our students is our top priority, and we have stringent procedures in place to protect our students. Any time an incident is reported, we take all precautions to immediately ensure the students' safety. We then launch a thorough internal investigation, involving the parents of the involved students throughout the process. Our protocols are designed to protect not only our students' and families' safety, but their confidentiality. We are constantly reviewing these protocols in order to strengthen them wherever possible.

*Id*. at ¶ 38.

Plaintiff's mere conclusory statements without sufficient factual allegations fall short of plausibility of entitlement to relief. *Sundberg*, 109 A.3d at 1129.   This Court cannot reasonably infer from Plaintiff's allegations that Defendant has engaged in conduct so extreme as to imply some sort of bad faith." *Walker*, 689 A.2d at 44.   As a result, this Court should dismiss Plaintiff's claim of gross negligence with prejudice.   To the extent this Court dismisses Ms. Lee's gross negligence claim, her negligent infliction of emotional distress claim also fails as a matter of law because it derives, and is not independent, from her gross negligence allegations.

**B.**   **This Court Should Dismiss Plaintiff's Complaint Because This Court Should Not Second-Guess the Discretionary Decisions of SEED Public Charter School.**

In *Blodgett v. The University Club*, 930 A.2d 210 (D.C. 2007) (hereinafter "*Blodgett*"), the Court of Appeals concluded that "[i]t is not [the Court's] role to second-guess" the discretionary decisions of a voluntary organization.   In *Blodgett*, The University Club was a not for profit and voluntary social organization within the District of Columbia.   930 A.2d at 215.   In 1993, Todd Blodgett joined the University Club and, shortly thereafter, began bringing known racists and anti-Semitists to the Club.   *Id.*   The University Club's Board of Governors took specific actions that led to his expulsion from the Club.   *Id.* at 216.   Blodgett initiated suit against the University Club as a result and disagreed with the Board's actions and reasoning.   *Id*. at 225.

Here, Ms. Lee has sued a not for profit voluntary public charter school in the District of Columbia because she disagrees with how the school handled the instances when her son was bullied.   Attendance at SEED Public Charter School is voluntary.   Ms. Lee made a voluntary choice to enroll her son at SEED and likewise, made the decision to withdraw her son from the school on October 17, 2017.   Am. Compl. at ¶ 28.   She alleges that SEED was made aware of

the bullying on or about October 25, 2016 and disagrees with the actions taken by SEED.  Just as in *Blodgett*, this Court should not second-guess Defendant SEED's discretionary decisions on how to handle bullying and harassment.

## VI.    CONCLUSION

Plaintiff has not pled, and cannot prove, her case against SEED for several reasons. Plaintiff's Rehab Act claim is barred by the one (1) year statute of limitations.  Even if it is not barred, Plaintiff fails to plead sufficient facts, accepted as true, to state a claim under the Rehab Act that is plausible on its face.  In addition, this Court lacks subject matter jurisdiction over Plaintiff's Rehab Act and IDEA claims because she failed to exhaust administrative remedies pursuant to 20 USC § 1415.

SEED Public Charter School is statutorily immune from civil liability for ordinary negligence. D.C. Code Ann. § 38-1802.04(c)(17)(A) (2018).  Plaintiff fails to plead that Defendant's alleged conduct was sufficiently extreme to rise to the required level of gross negligence to allow her to circumvent this immunity.  Further, since SEED is a voluntary not for profit organization, Plaintiff could have withdrawn M.L. from the school, which she ultimately did, if she disagreed with SEED's decisions.  As the District of Columbia Court of Appeals held in *Blodgett*, it is improper for Plaintiff to ask this Court to re-analyze and second-guess a voluntary organization's discretionary decision.  As a result, Plaintiff fails her burden of pleading as a matter of law, and this Court should dismiss this Amended Complaint with prejudice.

**WHEREFORE**, because Plaintiff failed his burden of pleading as a matter of law, SEED Public Charter School of Washington, DC respectfully requests that this Court grant its Motion and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

ECCLESTON AND WOLF, P.C.

_____/s/_____
Justin M. Flint (#491782)
Abby A. Franke (#1030041)
1629 K STREET, NW, Suite 260
Washington, DC 20006
(202) 857-1696
(202) 857-0762
flint@ewdc.com
franke@ewdc.com
*Counsel for Defendant*
*SEED Public Charter School of*
*Washington, D.C.*