UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANTE C. LEE, AS PARENT AND NEXT
FRIENDS OF M.L., A MINOR
    Plaintiffs

v.

SEED PUBLIC CHARTER SCHOOL OF
WASHINGTON, D.C.,
    Defendant

Civil Action No. 18-2786 (CKK)

MEMORANDUM OPINION
(September 18, 2019)

    Plaintiff, parent of minor M.L., brings multiple claims against Defendant SEED Public Charter School of Washington, D.C. ("SEED") based on M.L.'s experience while attending SEED's college-preparatory, public boarding school.[1] In broad strokes, Plaintiff alleges that, while attending SEED, M.L. was bullied and harassed by other students because of his autism disability and that Defendant failed to take proper steps to prevent and remedy the bullying and harassment. Ultimately, due to the bullying and harassment, M.L. attempted suicide in his dormitory room and was soon thereafter withdrawn from SEED. Based on these events, Plaintiff brings claims against Defendant for disability discrimination under the Rehabilitation Act of 1973, for the failure to provide M.L. with a free and appropriate public education under the Individuals with Disabilities Education Act ("IDEA"), for gross negligence, and for the negligent infliction of emotional distress.

    Before the Court is Defendant's [5] Motion to Dismiss Plaintiff's Amended Complaint. Defendant claims that, for various reasons, each of Plaintiff's four claims should be dismissed.

---

[1] Plaintiff initially sued Mecha Inman, the Head of SEED, in addition to SEED. However, on April 3, 2019, the Court dismissed without prejudice Defendant Inman based on Plaintiff's failure to serve Defendant Inman. *See* April 3, 2019 Order, ECF No. 10.

1

Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant's motion. First, the Court GRANTS IN PART Defendant's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's claim under the IDEA because Plaintiff has failed to properly exhaust that claim. The Court further DISMISSES WITH PREJUDICE Plaintiff's Rehabilitation Act claim insofar as it relies on events occurring before August 22, 2017, as those events occurred outside the limitations period. The Court otherwise DENIES WITHOUT PREJUDICE Defendant's Motion. On the current record, considering only events occurring on or after August 22, 2017, Plaintiff has stated a timely claim for disability discrimination under the Rehabilitation Act sufficient to withstand a motion to dismiss. Additionally, Plaintiff has made sufficient allegations, which taken as true, state a claim for gross negligence against Defendant. Accordingly, at this time, the Court will not dismiss Plaintiff's claims for gross negligence and the negligent infliction of emotional distress.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pled allegations in Plaintiff's Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).

---

[2] The Court's consideration has focused on the following documents and their attachments and/or exhibits: Def. SEED Public Charter School's Mot. to Dismiss Pl.'s Am. Compl., ECF No. 5 ("Def.'s Mot."); Pl.'s Opp'n to the Def.'s Mot. to Dismiss Pl.'s Am. Compl., ECF No. 8 ("Pl.'s Opp'n"); and Def. SEED Public Charter School's Reply Mem., ECF No. 9 ("Def.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

M.L. is a minor with autism. Am. Compl., ECF No. 1-2, ¶ 3. Autism is a developmental disability which is characterized by deficits in verbal and non-verbal communication, a tendency to engage in repetitive and stereotypical movements, and unusual reactions to changes in routine or environment. *Id.* M.L. displays many of these symptoms. *Id.*

The allegations in this lawsuit concern M.L.'s experience at SEED from 2016 to 2017. SEED is a college-preparatory, public boarding school which serves grades six through twelve. *Id.* at ¶ 8. During the 2016 to 2017 academic school year, M.L. was ten years old and in the sixth grade, as he had previously advanced two grades. *Id.* at ¶ 3. M.L. lived in the SEED dormitories with other students during the relevant time period. *Id.*

The first alleged incident of bullying and harassment occurred on September 26, 2016. Two other students allegedly assaulted M.L. while he was on the soccer field. *Id.* at ¶ 17. The other students stomped on M.L.'s face and hit him with rocks so that he suffered a concussion. *Id.* Plaintiff filed a report with the District of Columbia Metropolitan Police Department regarding this incident. *Id.* Plaintiff requested from SEED additional information about the attack, and a SEED official agreed to send Plaintiff the incident report with the student names redacted. *Id.* at ¶ 18. On October 12, 2016, the two students involved in the attack turned themselves in to the District of Columbia Metropolitan Police Department, and they were expelled from SEED. *Id.* Plaintiff claims that on October 25, 2016, SEED administrators acknowledged the constant bullying by some students and promised to take steps to protect M.L. from bullying in the future. *Id.*

According to Plaintiff, on September 19, 2017, M.L. was again physically assaulted, stomped on, and punched. *Id.* at ¶ 20. Plaintiff states that she requested an incident report but did not receive one. *Id.* at ¶ 21. The constant harassment by various students against M.L. continued

3

and intensified in September of 2017, but SEED officials allegedly failed to document, investigate, or act on these incidents. *Id.* at ¶ 22.

Plaintiff claims that in September of 2017, M.L. was labeled as gay by some students which resulted in constant rumors about M.L. *Id.* at ¶ 23. M.L. was constantly harassed in the shower and bathroom. And, students shared a video of M.L. naked in the shower. *Id.* Plaintiff explains that M.L. became afraid to leave his dorm room to go to the bathroom at night. *Id.* at ¶ 24. But, SEED officials allegedly failed to document, investigate, or act on these incidents. *Id.* at ¶¶ 23-24.

On September 27, 2017, after students harassed M.L., calling him gay, M.L. attempted to commit suicide in his dorm room. *Id.* at ¶ 25. That day, Plaintiff removed M.L. from the residential program. *Id.* at ¶ 26. And, on October 17, 2017, Plaintiff withdrew M.L. from SEED because he could not attend the school without being in the residential program. *Id.* at ¶¶ 27-28.

According to Plaintiff, SEED has had multiple issues with students being bullied or harassed. These allegations were covered by news outlets and at least one incident led to another student's suicide at SEED. *Id.* at ¶¶ 29-38.

## II. LEGAL STANDARD

Defendant requests dismissal of Plaintiff's claims both for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. These two grounds for dismissal are analyzed pursuant to different rules.

Motions to dismiss for lack of subject matter are analyzed pursuant to Federal Rule of Civil Procedure 12(b)(1). A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject-matter jurisdiction. In determining whether there is jurisdiction, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint

4

supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)) (internal quotation marks omitted). "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it is still true that the "[p]laintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

Motions to dismiss for failure to state a claim for which relief may be granted are analyzed pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

In her Amended Complaint, Plaintiff brings four claims. First, pursuant to the IDEA, Plaintiff alleges that M.L. was denied a free and appropriate public education on account of his autism disability. Second, under the Rehabilitation Act, Plaintiff alleges that M.L. was discriminated against on the basis of his autism disability. Third and fourth, Plaintiff alleges that Defendant is liable for gross negligence and the negligent infliction of emotional distress based on its handling of the harassment and bullying of M.L. Defendant has moved to dismiss each of these claims. The Court concludes that dismissal is warranted only as to Plaintiff's IDEA claim and as to certain events alleged in Plaintiff's Rehabilitation Act claim.

### A. Plaintiff's IDEA Claim

The IDEA ensures that "'all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living.'" *Torrence v. DC*, 669 F. Supp. 2d 68, 69 (D.D.C. 2009) (quoting 20 U.S.C. § 1400(d)(1)(A)). Judicial review is generally unavailable under the IDEA unless all administrative procedures have been exhausted. *Honig v. Doe*, 484 U.S. 305, 326-27 (1988) (discussing the Education of Handicapped Act, the immediate predecessor to the IDEA); *cf. Cox v. Jenkins*, 878 F.2d 414, 419-21 (D.C. Cir. 1989) (dismissing action under the Education of Handicapped Act for failure to pursue all administrative avenues of redress). Accordingly, "[a] court has no subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels." *Massey v. DC*, 400 F. Supp. 2d 66, 70 (D.D.C. 2005). Although exhaustion of

administrative remedies under the IDEA is not required "where exhaustion would be futile or inadequate," Plaintiff bears the burden of demonstrating the futility or inadequacy of the administrative process. *Honig*, 484 U.S. at 326-27; *see also Cox*, 878 F.2d at 419 (dismissing complaint where parents had not made any showing on the record that they were not required to exhaust their administrative remedies because exhaustion would have been futile). "The controlling point of law here is that, absent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox*, 878 F.2d at 419.

Here, Plaintiff has failed to plead that she exhausted her administrative remedies prior to bringing this lawsuit. *See generally* Am. Compl., ECF No. 1-2. And, in her Opposition, Plaintiff admitted that she had "not filed such an administrative claim." Pl.'s Opp'n, ECF No. 8, 12. Moreover, Plaintiff has not argued that exhaustion of her claim would be inadequate or futile. Accordingly, the Court finds that it does not have jurisdiction to decide Plaintiff's Count 4 IDEA claim.

The IDEA has a two-year statute of limitations period. 20 U.S.C. § 1415(b)(6)(B). The parties did not sufficiently brief the issue of whether or not Plaintiff still has time to file a timely administrative claim under the IDEA. Lacking such argument from the parties, the Court is not prepared to find that Plaintiff's IDEA claim is fully barred by the statute of limitations. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's IDEA claim.

**B. Plaintiff's Rehabilitation Act Claim**

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability … shall, solely by reason of his or her disability, … be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

7

financial assistance." 29 U.S.C. § 794(a). Defendant asserts that Plaintiff's Rehabilitation Act claim should be dismissed for three reasons. First, Defendant contends that Plaintiff's Rehabilitation Act claim is barred by the one-year statute of limitations. Second, Defendant argues that Plaintiff's Rehabilitation Act claim is barred by her failure to exhaust her administrative remedies. And, third, Defendant claims that Plaintiff failed to plead sufficient facts giving rise to a viable claim. The Court will address each argument in turn.

First, Defendant contends that Plaintiff's Rehabilitation Act claim should be dismissed as untimely. The Rehabilitation Act does not have an express statute of limitations. Accordingly, the Act must "borrow" one from an analogous state cause of action. *See Spiegler v. DC*, 866 F.2d 461, 463-64 (D.C. Cir. 1989) (explaining that when Congress has not established a statute of limitations for a federal cause of action, courts should use the limitations period from an analogous state statute). The United States Circuit Court for the District of Columbia Circuit ("D.C. Circuit") has not decided on an analogous state cause of action from which courts should draw a limitations period when analyzing Rehabilitation Act claims. And, courts have pulled limitations periods from both the District of Columbia Human Rights Act ("DCHRA"), which has a one-year limitations period, and District of Columbia personal injury laws, which have a three-year limitations period. *See, e.g., Adams v. D.C.*, 740 F. Supp. 2d 173, 184 (D.D.C. 2010) (borrowing the District of Columbia's three-year statute of limitations for personal injury claims when analyzing a Rehabilitation Act claim); *Gordon v. D.C.*, 605 F. Supp. 2d 239, 245 (D.D.C. 2009) (same); *but see Jaiyeola v. D.C.*, 40 A.3d 356, 368-69 (D.C. 2012) (holding that the DCHRA is more analogous to the Rehabilitation Act than the District of Columbia's personal

injury laws and applying the DCHRA's one-year statute of limitations to a Rehabilitation Act claim).

Defendant contends that the DCHRA's one-year statute of limitations should apply to Plaintiff's Rehabilitation Act claim. Plaintiff does not argue that a different statute of limitations should be applied. Accordingly, for purposes of this Memorandum Opinion, the Court assumes that the DCHRA's one-year statute of limitations applies to Plaintiff's Rehabilitation Act claim. *See Brown v. DC*, No. 16-947-EGS, 2019 WL 4345710, at *5 (D.D.C. Sep. 12, 2019) (applying the DCHRA's one-year limitations period to the Plaintiff's Rehabilitation Act claim).

Plaintiff initially brought this lawsuit in the Superior Court of the District of Columbia on August 22, 2018. Applying the one-year limitations period, Plaintiff's allegations of discrimination must have occurred on or after August 22, 2017. Plaintiff's allegations span two separate and distinct time periods. First, Plaintiff alleges that, on September 26, 2016, two students assaulted M.L. while he was on the soccer field. Am. Compl., ECF No. 1-2, ¶ 17. The students stomped on M.L.'s face and hit him with rocks so that he suffered a concussion. *Id.* Second, approximately one year later, on September 19, 2017, M.L. was again physically assaulted, stomped on, and punched. *Id.* at ¶ 20. This harassment by various students against M.L. is alleged to have continued and intensified throughout September of 2017. *Id.* at ¶ 22. The culmination of this harassment occurred on September 27, 2017, when M.L. attempted suicide in his dorm room. *Id.* at ¶ 25.

The first incident, occurring on September 26, 2016, took place outside the one-year limitations period. However, the remainder of Plaintiff's allegations occurred in September of 2017, which is within the one-year limitations period. As Plaintiff explains, "the crux of Plaintiff's allegations derives from the alleged disability-based assault on M.L. that occurred on

9

September 27, 2017, after students verbally assaulted and insulted M.L., teased him, called him gay, while in his dorm room, M.L. attempted suicide." Pl.'s Opp'n, ECF No. 8, 7.

Accordingly, Plaintiff may proceed with her Rehabilitation Act claim insofar as it pertains to allegations occurring on or after August 22, 2017. However, Plaintiff's allegations from September 26, 2016 are untimely. Plaintiff fails to connect the September 26, 2016 allegation to her other, timely allegations. The September 26, 2016 attack was perpetrated by different students who were ultimately expelled from SEED based on their treatment of M.L. As such, the Court finds that the September 26, 2016 incident was a discrete discriminatory act which occurred outside the limitations period, the discriminatory nature of which was clear at the incident's occurrence. Plaintiff's Rehabilitation Act claim is DISMISSED WITH PREJUDICE insofar as it alleges events occurring prior to August 22, 2017. However, Plaintiff's Rehabilitation Act claim is otherwise timely.

Second, Defendant contends that Plaintiff's Rehabilitation Act claim should be dismissed for failure to exhaust administrative remedies. As the Court previously explained, "absent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox*, 878 F.2d at 419; *see* 20 U.S.C. § 1415(f), (g) (setting forth requirements for impartial due process hearings and appeals); *see Supra* Sec. III.A. Under certain circumstances, this exhaustion requirement applies equally to claims concerning the rights of children with disabilities brought pursuant to the provisions of the Rehabilitation Act. 20 U.S.C. § 1415(l). Although the IDEA does not "restrict or limit the rights, procedures, and remedies available" under other applicable federal laws, a plaintiff must nonetheless exhaust the administrative procedures set forth under the IDEA when "seeking relief that is also available under" the IDEA, regardless of the statutory

10

basis for such claims. *Id.*; *see also Polera v. Bd. of Ed. of Newburgh Enlarged City School Dist.*, 288 F.3d 478, 487-88 (2d Cir. 2002).

The United States Supreme Court recently provided guidance on when the IDEA's exhaustion requirements apply to a claim brought under a statutory provision other than the IDEA. In *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), the Supreme Court explained that "Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar when (but only when) her suit seek[s] relief that is also available under the IDEA." 137 S. Ct. at 752. The Court went on to explain that to meet this statutory standard, the plaintiff's "suit must seek relief for the denial of a [free and appropriate public education], because that is the only 'relief' the IDEA makes 'available.'" *Id.* In order to determine if the plaintiff's suit seeks relief for the denial of a free and appropriate public education, the court "should look to the substance, or gravamen, of the plaintiff's complaint." *Id.*

Looking to the substance of Plaintiff's Amended Complaint, the court concludes that Plaintiff is not seeking relief for the denial of a free and appropriate public education through her Rehabilitation Act claim. The Court begins by noting that the remedy primarily sought by Plaintiff appears to be money damages for emotional distress and psychological damage. This remedy is not offered under the IDEA. While the Supreme Court left open the question of whether or not exhaustion is required when the specific remedy sought by the plaintiff is not available under the IDEA, the Court finds that this fact weighs against requiring exhaustion under these circumstances. *Id.* at 752 n.4. The Court further notes that Plaintiff's Rehabilitation Act claim makes no reference to the adequacy of the special education services offered by SEED. Nor does Plaintiff's Rehabilitation Act claim use the term "free and appropriate public

education" or mention any special services required by an Individualized Education Plan. Instead, Plaintiff's Rehabilitation Act claim concerns Defendant's alleged failure to prevent or respond adequately to harassment and bullying based on M.L.'s disability. A claim such as Plaintiff's could conceivably have been filed against a non-school defendant if such disability-based harassment had prevented M.L. from going to "a public library or theater." *Id.* at 758 (explaining that exhaustion would likely not be required if the plaintiff could bring a similar claim outside the educational setting).

Accordingly, on the current record, the Court concludes that Plaintiff's Rehabilitation Act claim did not require exhaustion as it did not seek relief that is also available under the IDEA. As such, the Court will not, at this time, dismiss Plaintiff's Rehabilitation Act claim for a failure to exhaust. However, if, as the case develops, it appears that Plaintiff is actually seeking relief which would also be available under the IDEA, Defendant may, again, move for dismissal on this ground.

Third, Defendant seeks dismissal of Plaintiff's Rehabilitation Act claim for failure to state a claim for which relief may be granted. According to Defendant, Plaintiff has failed to allege facts showing that Defendant violated the Rehabilitation act. Defendant explains that Plaintiff's allegations concern Defendant's failure to promptly and appropriately respond to the disability-based harassment and bullying faced by M.L. But, Defendant argues that the Rehabilitation Act does not impose a minimum level of services which must be provided to those with a disability and Plaintiff cannot establish that M.L was treated differently because of his disability. *See Colbert v. DC*, 78 F. Supp. 3d 1, 15-16 (D.D.C. 2015) (dismissing the plaintiff's Rehabilitation Act claim where the plaintiff alleged that the defendant, a housing and residential service, failed to protect the plaintiff from becoming pregnant).

In summary form, Defendant argues that the Rehabilitation Act does not protect against a school's failure to adequately address the harassment and bullying of a disabled student. While the parties did not cite and the Court could not find an analogous case in this Circuit, other Circuit Courts which have examined the issue have found that § 504 of the Rehabilitation Act protects students from disability-based peer-on-peer harassment. *See, e.g. S.B. ex rel. A.L. v. Bd. of Edu. Of Harford Cty.*, 819 F.3d 69, 75 (4th Cir. 2016) (explaining that a plaintiff could bring a Rehabilitation Act claim based on a school's deliberate indifference to disability-based harassment); *Estate of Lance v. Lewisville Ind. School Dist.*, 743 F.3d 982, 995-96 (5th Cir. 2014) (same); *S.S. v. E. Ken. Uni.*, 532 F.3d 445, 454-55 (6th Cir. 2008) (same); *Long v. Murray Cty. School Dist.*, 522 F. App'x 576, 577 (11th Cir. 2013) (same); *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004-07 (8th Cir. 2018) (same). In finding that § 504 of the Rehabilitation Act protects against disability-based harassment by other students, many Circuit Court decisions rely on the United States Supreme Court's decision in *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999). In *Davis*, the Court decided that Title IX of the Education Amendments of 1972 can be used to hold a school liable for peer-on-peer sexual harassment. 526 U.S. at 633. The analytical framework of *Davis* has since been expanded to disability harassment claims under § 504 of the Rehabilitation Act.

In order for a defendant to be liable under § 504 of the Rehabilitation Act for peer-on-peer harassment, the plaintiff must show that "(1) [the student] is a person with a disability, (2) he or she was harassed based on that disability, (3) the harassment was sufficiently severe or pervasive that it altered the condition of his or her education and created an abusive educational environment, (4) the defendant knew about the harassment, and (5) the defendant was deliberately indifferent to the harassment." *E. Ken. Univ.*, 532 F.3d at 454 (internal quotation

marks omitted). The Court finds that Plaintiff has alleged facts sufficient to meet this standard for the purpose of surviving Defendant's Motion to Dismiss.

First, for purposes of the current Motion, the parties do not dispute that M.L.'s diagnosis of autism constitutes a disability under the Rehabilitation Act. Second, Plaintiff has alleged that M.L. was harassed based on his disability of autism. *See* Am. Compl., ECF No. 1-2, ¶ 101b ("M.L. was subjected to disability-based harassment"); ¶ 101c ("M.L. was subjected to harassment based on his disability"); ¶ 103 (discussing "Defendant Seed's failure to properly and appropriately respond to the alleged disability-based harassment"). Third, Plaintiff has alleged that the harassment was sufficiently severe to alter the condition of M.L.'s education. *Id.* at ¶ 103 (alleging that the harassment resulted in M.L. "being excluded from participation in … Seed's education program"). For example, Plaintiff alleges that the harassment was so constant and severe that M.L. was afraid to leave his dormitory room to go to the bathroom at night. *Id.* at ¶ 24. And, the harassment ultimately culminated in M.L. attempting suicide in his dormitory room and being withdrawn from SEED. *Id.* at ¶ 25. Fourth, Plaintiff has alleged that Defendant knew about the harassment. *Id.* at ¶ 102 ("Defendant Seed and its administrative officials had actual and constructive knowledge of the disability-based assault and resulting harassment"). Fifth, Plaintiff has alleged that Defendant was deliberately indifferent to the disability-based harassment. *Id.* at ¶ 104 (alleging that Defendant "acted with deliberate indifference toward M.L."). For example, Plaintiff alleges that Defendant violated its own policies by failing to make an incident report of M.L.'s September 19, 2017 attack. *Id.* at ¶ 21. Plaintiff further claims that Defendant failed to document, investigate, or take any actions to protect M.L. from the pervasive and constant harassment. *Id.* at ¶ 22. Moreover, according to Plaintiff, Defendant "engaged in a

pattern and practice of behavior" that was designed to discourage students from seeking protection from bullying and harassment. *Id.* at ¶ 106.

Accordingly, the Court concludes that Plaintiff has alleged sufficient facts to state a claim under the Rehabilitation Act. However, the Court expresses no judgment as to whether or not Plaintiff will ultimately be able to establish as true the facts which she has alleged. The Court finds only that Plaintiff's allegations are sufficient to survive a motion to dismiss.

In summary, the Court DISMISSES WITH PREJUDICE Plaintiff's Rehabilitation Act claim insofar as the claim is based on events occurring prior to August 22, 2017 as those events are untimely However, the Court otherwise DENIES WITHOUT PREJUDICE Defendant's Motion to dismiss Plaintiff's Rehabilitation Act claim.

**C. Plaintiff's Gross Negligence and Negligent Infliction of Emotional Distress Claims**

Finally, Defendant argues that Plaintiff's gross negligence and negligent infliction of emotional distress claims should be dismissed because Plaintiff's allegations do not rise to the level of gross negligence. Under the District of Columbia Code, a public charter school is immune from civil liability unless it commits an action or omission which constitutes gross negligence, an intentional tort, or is criminal in nature. D.C. Code Ann. § 38-1802.04(c)(17)(A). Accordingly, Defendant is liable under Plaintiff's gross negligence and negligent infliction of emotional distress claims only if there has been "'such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others.'" *Wells v. Hense*, 235 F. Supp. 3d 1, 13 (D.D.C. 2017) (quoting *DC v. Walker*, 689 A.2d 40, 44 (D.C. 1997)). Defendant contends that Plaintiff's allegations do not rise to this higher standard.

15

The Court will not dismiss Plaintiff's claims on this ground at this time. Plaintiff alleges that Defendant's actions in this case were "outrageous" and "an extreme departure from the ordinary care to be exercised by an educational institution responsible for the safety and welfare of its students." Am. Compl., ECF No. 1-2, ¶ 121. Plaintiff alleges that Defendant knew about the harassment and bullying of M.L. *Id.* at ¶ 114. Despite such knowledge, Plaintiff claims that Defendant ignored the harassment and failed to take any actions, which left M.L. completely vulnerable to continuing and escalating harassment. *Id.* at ¶ 116. Plaintiff alleges that Defendant's failure to respond to such harassment, which included physical assaults, name-calling, and sharing a video of M.L. naked in the shower, culminating in an attempted suicide by M.L., showed a reckless disregard for M.L.'s rights and safety. *Id.* at ¶¶ 117-123. According to Plaintiff, this reckless disregard is especially concerning given that Defendant knew that M.L. was younger than the other students boarding at SEED and that M.L. suffered from a developmental disability.

Based on these allegations, the Court finds that Plaintiff's claims could rise to the level of gross negligence. Again, the Court expresses no opinion as to whether or not Plaintiff will ultimately be able to establish gross negligence. The Court's determination is limited to a finding that Plaintiff has alleged facts sufficient to survive Defendant's Motion to Dismiss on this ground.

The Court also acknowledges Defendant's argument that the Court should dismiss Plaintiff's Amended Complaint because "this Court should not second-guess the discretionary decisions of SEED Public Charter School." Def.s' Mot., ECF No. 5, 14. Defendant cites only one case in support of this argument—*Blodgett v. The University Club*, 930 A.2d 210 (D.C. 2007). However, that case involved a denial of access to a University Club, a voluntary, private social

organization, rather than a denial of access to a public educational institution. Accordingly, due to the dramatic factual differences between *Blodgett* and this case, the court does not find *Blodgett* persuasive. Moreover, the District of Columbia Code expressly recognizes that public charter schools may be held liable for their actions and inactions as long as those actions or inactions rise to the level of gross negligence. D.C. Code Ann. § 38-1802.04(c)(17)(A). Accordingly, the Court will not dismiss on this ground.

In summary, the Court DENIES WITHOUT PREJUDICE Defendant's Motion to dismiss Plaintiff's claims for gross negligence and the negligent infliction of emotional distress.

### IV. CONCLUSION

For the reasons explained above, the Court GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant's Motion to Dismiss. The Court GRANTS IN PART Defendant's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Count 4 IDEA claim for failure to exhaust. The Court also DISMISSES WITH PREJUDICE Plaintiff's Count 1 Rehabilitation Act claim insofar as that claim is based on untimely events from prior to August 22, 2017. The Court otherwise DENIES WITHOUT PREJUDICE Defendant's Motion pending further development of the record. On the current record, considering only events occurring on or after August 22, 2017, Plaintiff has stated a timely claim for disability discrimination under the Rehabilitation Act sufficient to withstand a motion to dismiss. Additionally, Plaintiff has made sufficient allegations, which taken as true, state a claim for gross negligence and the negligent infliction of emotional distress. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge