## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR**<br><br>    PLAINTIFFS,<br><br>V.<br>**SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C., ET AL.**<br><br>    DEFENDANTS. | **CASE NO. 18-2786 (CKK)** |

## ANSWER TO AMENDED COMPLAINT

Defendant SEED Public Charter School of Washington, D.C. ("SEED" and/or "Defendant"), by and through their undersigned counsel, Justin M. Flint, Abby A. Franke, and Eccleston and Wolf, P.C., pursuant to Rules 8 and 12 of the District of Columbia Superior Court Rules of Civil Procedure, hereby answers the allegations in Plaintiff's Amended Complaint.

## JURISDICTION

1.      Paragraph 1 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

2.      Paragraph 2 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

## PARTIES

3.      The first sentence requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.  As to the second sentence, SEED admits that M.L. has autism.  As to the third and fourth sentences, SEED lacks knowledge or information sufficient to form a belief about the truth of the allegation as to the definition and symptoms of autism and M.L.'s manifestation of those symptoms.  As to the fifth sentence, SEED admits that M.L.

skipped a grade in elementary school, but lacks knowledge or information sufficient to form a belief about the truth of the allegations of how many years younger than his peers or what specific grade in elementary school he skipped.  SEED admits sentence six.  As to sentence seven, SEED admits that M.L. lived on the SEED campus housing with other students from the beginning of Fall 2016 through September 27, 2017.  Sentences eight and nine require legal conclusions to which no response is necessary and SEED therefore denies.  SEED denies sentence ten as it is unable to respond to what "situation exploded" and demands strict proof thereof.

4.      Paragraph 4 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

5.      Paragraph 5 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

6.      SEED admits that Plaintiff M.L. was enrolled at the SEED Public Charter School from the Fall of 2016 until on or about October 17, 2017.

7.      SEED denies Paragraph 7 and clarifies that Ms. Inman was the Head of School of SEED starting on or about January 8, 2017 until present day.

8.      SEED admits it is a non-for-profit corporation registered in the District of Columbia, that it opened in 1998 and is the nation's first college preparatory, public boarding school.  SEED clarifies that the school is transitioning to a standalone high school, grades nine through twelve, by school year 2020-2021, and stopped accepting sixth through eighth grade students the 2018-2019 school year to facilitate this transition.

9.      Paragraph 9 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

10.     Defendant Inman has been dismissed without prejudice from this lawsuit per Court Order dated April 3, 2019.  Accordingly, no response to Paragraph 10 is required.

11.     Paragraph 11 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

12.     Paragraph 12 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

13.     Defendant Inman has been dismissed without prejudice from this lawsuit per Court Order dated April 3, 2019.  Accordingly, no response to Paragraph 13 is required.

14.     Paragraph 14 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

**FACTS**

15.     SEED admits that during the 2016 school year, M.L. was a sixth (6) grade student at the SEED School in Washington, DC and was a residential student, living on the SEED campus housing during the school week beginning in the Fall of 2016 through September 27, 2017.   SEED admits that M.L. has autism.

16.     Paragraph 16 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

17.     SEED admits that on September 26, 2016, M.L. suffered a concussion after being found on the ground at the soccer field as a result of two students punching and kicking M.L. The remaining allegations refer to a document that is not attached to the Complaint.  SEED admits to the existence police report #16-163919 and that the document speaks for itself.  SEED denies that Ms. Lee provided the police report to Adrian Manuel and demands strict proof thereof.

18.     SEED admits that M.L. returned to school but clarifies that he returned on September 29, 2016.  SEED admits that the students involved in the September 26, 2016 incident were expelled from SEED.  SEED lacks knowledge or information sufficient to form a belief about the truth of the allegation as to whether or not the students involved turned themselves into DC MPD.  SEED admits Ms. Lee verbally requested information and incident reports involving M.L.  SEED denies that Ms. Holman "agreed to send the report with student names redacted" and demands strict proof thereof.  SEED clarifies that Ms. Holman instructed Ms. Lee to submit a written request pursuant to the Student-Parent Handbook.  The allegation that "On October 25, 2016, Seed administration personnel acknowledged the constant bulling by some Seed students" is a legal conclusion to which no response is necessary and SEED therefore denies the same. SEED denies that unnamed administration officials promised to monitor the situation and take action to protect M.L from violence and bullying."

19.     SEED admits that on September 19, 2017, M.L. was involved in an incident in the boys' gym locker room wherein other students allegedly caused harm to M.L. while the lights were off.  SEED denies that Ms. Lee was not notified of the incident and demands strict proof thereof.  The remaining allegation requires a legal conclusion, to which no response is necessary and SEED therefore denies the same.

20.     Paragraph 20 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

21.     Paragraph 21 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

22.     Paragraph 22 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

4

23.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, and fourth sentences.  The third sentence requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

24.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences.  The third and last sentence requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

25.     Paragraph 25 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

26.     SEED admits that M.L. did not return to the SEED residential program after September 27, 2017.

27.     SEED admits that Ms. Lee withdrew her son from SEED school but clarifies that the withdrawal date was on or about October 4, 2017.

28.     SEED denies Paragraph 28 and demands strict proof thereof.

29.     SEED cannot respond to Paragraph 29.  Subject to a consent protective order, SEED will respond under seal.

30.     SEED cannot respond to Paragraph 30.  Subject to a consent protective order, SEED will respond under seal.

31.     The allegations in Paragraph 31 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

32.     The allegations in Paragraph 32 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for

itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

33.     The allegations in Paragraph 33 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

34.     The allegations in Paragraph 34 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

35.     The allegations in Paragraph 35 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

36.     The allegations in Paragraph 36 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

37.     The allegations in Paragraph 37 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

38.     The allegations in Paragraph 38 refer to a document that is not attached to the Complaint.  SEED admits to the existence of the Fox 5 article and that the document speaks for itself.  To the extent this paragraph requires a legal conclusion, no response is required, and it is therefore deemed denied.

39.     Paragraph 39 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

40.     Paragraph 40 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

41.     Paragraph 41 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

42.     Paragraph 42 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

43.     Paragraph 43 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

44.     Paragraph 44 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

45.     Paragraph 45 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

46.     Paragraph 46 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

47.     SEED denies Paragraph 47 and demands strict proof thereof.  To the extent that the allegation in Paragraph 47 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

48.     SEED denies Paragraph 48 and demands strict proof thereof.  To the extent that the allegation in Paragraph 48 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

49.     Paragraph 49 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

50.     Paragraph 50 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

51.     Paragraph 51 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

52.     Paragraph 52 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

53.     Paragraph 53 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

54.     Paragraph 54 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

55.     Paragraph 55 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

56.     Paragraph 56 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

57.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.  To the extent that the allegation in Paragraph 57 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

58.     Paragraph 58 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

59.     Paragraph 59 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

60.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.  To the extent that the allegation in Paragraph 60 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

61.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.  To the extent that the allegation in Paragraph 61 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

62.     Paragraph 62 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

63.     SEED denies Paragraph 63 and demands strict proof thereof.  To the extent that the allegation in Paragraph 63 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

64.     Paragraph 64 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

65.     SEED denies Paragraph 65 and demands strict proof thereof.  To the extent that the allegation in Paragraph 65 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

66.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.  To the extent that the allegation in Paragraph 66 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

67.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.  To the extent that the allegation in Paragraph 67 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

68.     Paragraph 68 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

69.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.  To the extent that the allegation in Paragraph 66 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

## COMMON ALLEGATIONS

70.     SEED's responses set forth in Paragraphs 1 through 69 are hereby incorporated by reference as if fully set out herein.

71.     Paragraph 71 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

72.     Paragraph 72 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

73.     Paragraph 73 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

74.     Paragraph 74 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

75.     SEED admits it has adopted a Bullying/Harassment Policy contained in the Scholar-Family Handbook and stipulates that the document speaks for itself.  To the extent that the allegation in Paragraph 75 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

76.     Paragraph 76 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

77.     Paragraph 77 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

78.     Paragraph 78 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

79.     Paragraph 79 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

80.     Paragraph 80 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

81.     Paragraph 81 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

82.     Paragraph 82 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

83.     Paragraph 83 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

84.     Paragraph 84 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

85.     Paragraph 85 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

86.     Paragraph 86 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

87.     Paragraph 87 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

88.     Paragraph 88 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

89.     Paragraph 89 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

90.     Paragraph 90 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

91.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.  To the extent that the allegation in Paragraph 91 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

92.     SEED lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.  To the extent that the allegation in Paragraph 92 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

93.     SEED denies Paragraph 93 and demands strict proof thereof.  To the extent that the allegation in Paragraph 93 requires a legal conclusion, no response is necessary, and SEED therefore denies the same.

94.     Paragraph 94 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

95.     Paragraph 95 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

96.     Paragraph 96 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

97.     Paragraph 97 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

98.     Paragraph 98 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

## COUNT I

### Violation of § 504 of the Rehabilitation Act of 1973
**(29 U.S.C. 794)**
**(Defendant SEED)**
**(The School's Deliberate Indifference**
**to Alleged Disability Harassment)**

99.     SEEDs' responses set forth in Paragraphs 1 through 98 are hereby incorporated by reference as if fully set out herein.

100.    Paragraph 100 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

101.    Paragraph 101, and its subparagraphs a-d, require a legal conclusion to which no response is necessary, and SEED therefore denies the same.

102.    The first sentence requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.  As to the third sentence, SEED admits that it received notice that M.L was involved in an incident in which M.L. sustained a concussion as a result of being hit and kicked in the head.  SEED lacks knowledge or information sufficient to form a belief about the truth of the allegation that M.L. was rendered unconscious.  The fourth and last sentence of Paragraph 102 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

103.    Paragraph 103 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

104.    Paragraph 104 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

105.    Paragraph 105 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

106.    Paragraph 106 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

107.    Paragraph 107 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

108.    Paragraph 108 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

109.    Paragraph 109, and its subparagraphs a-f, require a legal conclusion to which no response is necessary, and SEED therefore denies the same.

110.    Paragraph 110 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

### COUNT II

### Gross Negligence-Defendants Seed and Inman Against M.L.

111.    SEED's responses set forth in Paragraphs 1 through 110 are hereby incorporated by reference as if fully set out herein.

112.    Paragraph 112 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

113.    Paragraph 113 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

14

114.    Paragraph 114 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

115.    Paragraph 115 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

116.    Paragraph 116 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

117.    Paragraph 117 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

118.    Paragraph 118 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

119.    Paragraph 119 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

120.    Paragraph 120 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

121.    Paragraph 121 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

122.    Paragraph 122 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

123.    Paragraph 123 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

124.    Paragraph 124 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

125.     Paragraph 125 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

126.     Paragraph 126 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

127.     Paragraph 127 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

## COUNT III

## Negligent Infliction of Emotional Distress-Defendants Seed and Inman Against M.L.

128.     SEEDs' responses set forth in Paragraphs 1 through 127 are hereby incorporated by reference as if fully set out herein.

129.     Paragraph 129 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

130.     Paragraph 130 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

131.     Paragraph 131 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

132.     Paragraph 132 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

133.     Paragraph 133 requires a legal conclusion to which no response is necessary, and SEED therefore denies the same.

## COUNT IV

**Violation of Individuals with Disabilities Education Act
(20 U.S.C. 1411 et seq.)
(Defendant SEED)
(The School's Deliberate Indifference to Alleged Disability Harassment)**

135.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

136.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

137.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

138.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

139.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

140.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

141.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

142.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

143.   The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

144.    The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

145.    The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

146.    The Court has granted Defendant's Motion to Dismiss with respect to this claim. Accordingly, no response is required.

## PRAYER FOR RELIEF

Plaintiff's "WHEREFORE" paragraph, including subparagraphs 1-3 and I-VI, requires a legal conclusion to which no response is necessary, and therefore, SEED denies the same and demands strict proof thereof.

SEED denies each and every allegation in the Amended Complaint not specifically admitted herein. Seed also denies any and all allegations contained in any numbered or unnumbered WHEREFORE paragraphs, as well as any and all allegations contained in unnamed or named paragraphs that re-plead, re-allege, or incorporate the allegations of the Amended Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant did not owe a duty of care to Plaintiff.

**Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not breach any duty of care to Plaintiff.

**Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant's actions and/or omissions were not the proximate cause of Plaintiff's damages.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust administrative remedies.

**Sixth Affirmative Defense**

Plaintiff failed to mitigate Plaintiff's alleged injuries and damages.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries and damages, if any, were caused by Plaintiff's own actions, conduct and/or behavior.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant is statutorily immune from civil liability pursuant to D.C. Code Ann. § 38-1802.04(c)(17)(A).

**Tenth Affirmative Defense**

Failure to have sufficient evidence to prove punitive damages.

**Eleventh Affirmative Defense**

Claims are barred, in whole in part, by the business judgment rule.

**Twelfth Affirmative Defense**

All allegations not specifically responded to are denied, and Defendant reserves the right to assert any and all additional defenses based on the evidence adduced in discovery and as litigation develops.

WHEREFORE, Defendant SEED Public Charter School of Washington, DC respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice.

Respectfully submitted,

ECCLESTON AND WOLF, P.C.

_____/s/_____
Justin M. Flint (#491782)
Abby A. Franke (#1030041)
1629 K STREET, NW
Suite 260
Washington, DC 20006
(202) 857-1696
(202) 857-0762
flint@ewdc.com
franke@ewdc.com
*Counsel for Defendant*
*SEED Public Charter School of*
*Washington, D.C.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 16, 2019, I served a true copy of the foregoing Defendant SEED Public Charter School of Washington, DC's Answer to Amended Complaint to all Counsel of Record by this Court's electronic filing system.

_____/s/_____
Abby A. Franke (#1030041)
