UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR<br>    Plaintiffs<br>        v.<br>SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C.,<br>    Defendant | Civil Action No. 18-2786 (CKK) |

MEMORANDUM OPINION & ORDER
(October 15, 2021)

In this case, Plaintiff Chante Lee, on behalf of her minor child M.L., brings claims against the Seed Charter Public School of Washington, D.C., for alleged violations of the Rehabilitation Act of 1973, as well as common law torts of gross negligence and negligent infliction of emotional distress. *See* Third Am. Compl., ECF No. 52, at ¶¶ 95–129. These claims arise out of alleged instances of violence and bullying M.L. experienced while he was a student at the Seed charter school in 2016 and 2017. *Id.* at ¶¶ 11–23. The parties have now reached a settlement agreement to resolve this dispute. *See* Jt. Status Rep., ECF No. 62, at 1. But because this settlement agreement involves a minor, the parties were required seek court approval for the final settlement before it went into effect. *See* D.C. Code § 21-120(a). On August 9, 2021, the parties jointly moved for this Court's settlement approval, but filed both their joint motion and the settlement documents under seal. On October 14, 2021, the Court issued an order granting the parties' request for approval of their settlement agreement. *See* Order, ECF No. 68, at 1–4.

Now pending before the Court is the parties' [63] Joint Motion for Leave to File the Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement Under Seal (the "Motion to Seal"). Therein, the parties jointly request that this Court place the following settlement documents under seal: (1) the Joint Motion for Court Approval of a

1

Settlement Involving a Minor and to Fund a Structured Settlement, and (2) the parties' Settlement Agreement and Release and its Addendum.  For the reasons set forth below, the Court **DENIES** the parties' Motion to Seal these documents.  Instead, the Court will **ORDER** the parties to file an appropriately redacted version of these documents for this Court's subsequent review.

### I. DISCUSSION

The D.C. Circuit has unequivocally "'recogniz[ed] this country's common law tradition of public access to records of a judicial proceeding,' noting that '[a]ccess to records serves the important functions of ensuring the integrity of judicial proceedings.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 314–15 (D.C. Cir. 1980)).  This "common law right" to the public access of judicial records "is fundamental to a democratic state." *Metlife, Inc.*, 865 F.3d at 665 (citations omitted). "Accessing judicial records" is also essential "to 'the rule of law' and 'important to maintaining the integrity and legitimacy of an independent Judicial Branch.'" *CNN v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021) (quoting *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020)).  For these reasons, there exists a "strong presumption in favor of public access to judicial proceedings." *Metlife, Inc.*, 865 F.3d at 665 (citations omitted).

The right to access judicial records, however, is not absolute. *CNN*, 984 F.3d at 118. Rather, "competing interests may outweigh the strong presumption favoring disclosure." *Id.* "In *Hubbard*, [the D.C. Circuit] crafted a six-factor test to balance the interests presented by a given case." *Metlife, Inc.*, 865 F.3d at 665.  These *Hubbard* factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6)

the purposes for which the documents were introduced during the judicial proceedings. *See Hubbard*, 650 F.2d at 317–22. "Under the *Hubbard* test, a seal may be maintained only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *In re Leopold*, 964 F.3d at 1131 (citation omitted).

With these principles in mind, the Court turns to the parties' Motion to Seal. In addressing this motion, the Court will first determine whether the documents the parties seek to maintain under seal are "judicial records" subject to the presumption of openness discussed above. If so, the Court will then apply the *Hubbard* balancing test to determine whether justice requires sealing the documents in question. *See Washington Legal Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 902 (D.C. Cir. 1996) (explaining that "whether a document must be disclosed pursuant to the common law right of access involves a two-step inquiry").

**A. The Settlement Documents Are "Judicial Records"**

As noted above, the Court's threshold task is to determine whether the documents the parties seek to seal are "judicial records" subject to the presumption of openness. "Whether something is a judicial record depends on the role it plays in the adjudicatory process." *CNN*, 984 F.3d at 118 (quoting *SEC v. American International Group*, 712 F.3d 1, 3 (D.C. Cir. 2013)). The touchstone of this "judicial records" inquiry turns on the purpose for which a document is filed: "If the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record." *CNN*, 984 F.3d at 118.

In this case, the documents subject to the parties' Motion to Seal are indeed "judicial records." The first of these documents is the parties' Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement. *See* Jt. Mot., ECF No. 63-2,

at 2–6.  District of Columbia law required the parties to seek such Court approval for their settlement agreement, because it involves a minor child.  *See* D.C. Code § 21-120(a).  Accordingly, the parties' joint motion duly requested the Court's approval for their settlement agreement and explained why such approval would be appropriate and reasonable.  *See* Jt. Mot., ECF No. 63-2, at 2–5.  After a thorough review of this joint motion, the Court ultimately granted the parties' request for settlement approval in an October 14, 2021 order.  *See* Order, ECF No. 68, at 1–4.  In this way, the parties' joint motion, which successfully sought the Court's settlement approval, is clearly a document that was intended "to influence a judge's decisionmaking."  *CNN*, 984 F.3d at 118; *see also League of Women Voters of United States v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) ("[E]very part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'").  Therefore, the parties' joint motion for settlement approval is a "judicial record" subject to the presumption of openness.

The second document under consideration is the parties' Settlement Agreement and Release and its corresponding Addendum, which are collectively attached to the joint motion for settlement approval as "Exhibit 1."  *See* Settlement Agreement, ECF No. 63-2, at 12–36.  This settlement agreement sets forth the specific terms of the settlement recently considered by the Court, given the parties' request for settlement approval.  Put otherwise, the parties submitted the settlement documents in Exhibit 1 for the Court to review and evaluate before ultimately granting the parties' joint motion for approval of the settlement under D.C. Code § 21-120(a).  *See* Jt. Mot., ECF No. 63-2, at 2–5 (describing the settlement agreement and requesting court approval thereof).  Framed as such, the settlement documents in Exhibit 1 were also intended "to influence a judge's decisionmaking," *i.e.*, the undersigned's decision regarding the validity of the settlement documents themselves.  *CNN*, 984 F.3d at 118; *see also In re Fort Totten Metrorail Cases*, 960 F.

4

Supp. 2d 2, 7 (D.D.C. 2013) (finding that minor settlement documents subject to D.C. Code § 21-120(a) were "judicial records"). The settlement documents in Exhibit 1, therefore, are also "judicial records."

In sum, the Court finds that the parties' joint motion for settlement approval and the corresponding settlement agreement documents in Exhibit 1 are "judicial records" subject to the presumption of openness. *See CNN*, 984 F.3d at 118. In their Motion to Seal, the parties implicitly concede this point by moving directly to an application of the *Hubbard* balancing test. *See* Mot. to Seal, ECF No. 63, at 1–3. For these reasons, the Court will also move to the second step of its inquiry and determine whether, under the *Hubbard* factors, justice requires the sealing of the parties' settlement documents.

B.  **The Hubbard Factors Weigh In Favor Of Disclosure**

The Court begins its analysis with the first *Hubbard* factor, which accounts for "the need for public access to the documents at issue." *In re Leopold*, 964 F.3d at 1131. Here, the parties broadly argue that "there is no need for public access" to the joint motion for settlement approval or to the settlement documents in Exhibit 1. Mot. to Seal, ECF No. 63, at 2. The parties contend that "[a]ny individuals with reason to be interested in th[is] information . . . are already aware of the terms of the settlement." *Id.*

But the Court is not persuaded by this assertion, which appears to assume that only the litigants currently before the Court have an interest in the settlement of this case. Not so. To start, the Seed charter school is a public institution formed under District of Columbia law for the purpose of providing public educational services to local students. *See* Third Am. Compl., ECF No. 52, at ¶ 8 (citing D.C. Code § 38-1802.01, *et seq.*). As such, the public writ large, and District of Columbia residents in particular, have an enhanced interest in the transparent operation of this

5

publicly-funded institution, including the terms of its litigation settlements. *See EEOC v. Nat'l Children's Ctr.*, Inc., 98 F.3d 1406, 1410 (D.C. Cir. 1996); *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 7. In fact, Plaintiffs' own pleadings corroborate this public interest by noting that local media outlets have *already* reported on instances of bullying at the the Seed charter school. *See, e.g.*, Third Am. Compl., ECF No. 52, at ¶ 27 ("On January 25, 2018 Fox 5 reported, 'The parents say bullying is rampant at the SEED School of Washington D.C. and that the school doesn't do enough to keep students safe.'").

Moreover, the D.C. Circuit has previously recognized that where documents address alleged wrongdoing at a local institution that "provides services to children," "the public interest in disclosure is compelling." *Nat'l Children's Ctr.*, Inc., 98 F.3d at 1410. The settlement documents in this case fall into that category, given that they relate to alleged neglect at a public educational institution in Washington, D.C. Finally, this Court has approved the terms of the parties' settlement agreement. *See* Order, ECF No. 68, at 1–4. Standing on its own, judicial approval of settlement agreements is a matter of public interest, "which the public has the right to know about and evaluate." *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 7 (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011)). "The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to." *Id.* (quoting *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002)). Altogether, these myriad factors indicate that the need for public access to the parties' motion for settlement approval and settlement agreement is substantial. The first *Hubbard* factor, therefore, weighs strongly in favor of disclosure.

Next, the Court considers the second *Hubbard* factor: "the extent of previous public access to the documents." *In re Leopold*, 964 F.3d at 1131. Here, the parties assert that "the Joint Motion

6

for Court Approval and the Settlement Agreement and Release and its Addendum have not been available to the public at any point." Mot. to Seal, ECF No. 63, at 3. Upon review of the record, the Court finds no indication to the contrary. Therefore, it appears that the parties' joint motion for settlement approval and the corresponding settlement agreement have never been previously accessible to the public. *See CNN*, 984 F.3d at 119. Consequently, the second *Hubbard* factor weighs modestly against disclosure. *See In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 8; *but see Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013) (concluding that "the second *Hubbard* factor is 'neutral' where there has been no previous access").

The third, fourth, and fifth *Hubbard* factors are "interrelated" and often evaluated together. *Am. Pro. Agency, Inc.*, 121 F. Supp. 3d at 25; *see also Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016). Respectively, these factors consider "the fact that someone has objected to disclosure, and the identity of that person," "the strength of any property and privacy interests asserted," and "the possibility of prejudice to those opposing disclosure." *In re Leopold*, 964 F.3d at 1131. Under these factors, the parties first make clear that they both "object to the public disclosure of the Settlement Agreement and Release and its Addendum." Mot. to Seal, ECF No. 63, at 3. The parties' mutual accession to sealing does weigh against disclosure here, although the potency of this factor is diluted by the absence of any *third-party* objection to the disclosure of the parties' settlement documents. *See Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017) ("While the strength of [the plaintiff's] objections to disclosure are noted, they do not have the same strength as a third-party objection."). Furthermore, the parties indicate that the settlement documents contain sensitive personal information, such as the full name of the minor M.L. and the social security number of Ms. Chante Lee. *Id.* The Court agrees that the disclosure of this personal

7

information would cause prejudice to the Plaintiffs.  In particular, disclosing M.L.'s identity and publicly associating him with this case would be directly prejudicial to his privacy interests.  This threat to the Plaintiffs' privacy rights also weighs against public disclosure.  *See, e.g.*, *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 11.

The parties remaining arguments under the third, fourth, and fifth *Hubbard* factors are somewhat less compelling.  To start, the parties argue that the joint motion and settlement documents involve "significant property" interests.  Mot. to Seal, ECF No. 63, at 3.  But to substantiate this assertion the parties reference only the "monetary amount of the settlement."  *Id.*  Such a generalized reference to a settlement amount, without further explanation or specificity, does not carry considerable persuasive import.  Next, the parties contend that that disclosure of the settlement agreement would undermine the confidentiality clause in that agreement and thereby prejudice the parties.  *Id.*  To be sure, the settlement agreement does contain a confidentiality provision, which compels the parties to hold the terms and conditions of the settlement agreement in confidence.  *See* Settlement Agreement, ECF No. 63-2, at § 14.  And the D.C. Circuit has stated that consideration of confidentiality provisions, in the context of a motion to seal, is "appropriate." *Nat'l Children's Ctr.*, Inc., 98 F.3d at 1409.  That said, the D.C. Circuit and multiple courts in this district have reasoned that such confidentiality provisions are but one, non-dispositive factor weighing against disclosure, which may well be overcome by the public interest in judicial transparency.  *See id.* at 1410 (reversing decision to seal consent decree containing confidentiality provision); *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016) ("Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal."); *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 9–11 (D.D.C. 2013) (ordering disclosure even though confidentiality agreements weighed against it).

Accordingly, the Court finds that the confidentiality provision in the parties' settlement agreement weighs against disclosure, but does not compel this Court to seal that document.

Lastly, the Court considers the sixth *Hubbard* factor, which accounts for "the purposes for which the documents were introduced during the judicial proceedings." *In re Leopold*, 964 F.3d at 1131. Here, the parties introduced their joint motion and the settlement documents for the purpose of seeking this Court's mandatory approval of their settlement agreement, under D.C. Code § 21-120(a). *See* Mot. to Seal, ECF No. 63, at 3. This provision of the D.C. Code "reflects a well-established 'policy that a minor plaintiff, under certain circumstances, requires special consideration from the court not ordinarily accorded other litigants.'" *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 10 (quoting *Godfrey v. Washington*, 653 A.2d 371, 373 (D.C. 1995)). "And this policy of protecting minors is vindicated, rather than undermined, by the disclosure of records generated in connection with a court's approval of a minor settlement, for such disclosure facilitates public scrutiny of the judicial approval process." *Id.* At bottom, "[b]ecause § 21–120(a) is designed to protect minors from disadvantageous settlements, and because disclosure of the minor settlement documents would advance this goal by inviting public scrutiny of the Court's decisions approving those settlements, the sixth *Hubbard* factor weighs heavily in favor of disclosure." *Id.*

****

In sum and as set forth above, the Court finds that the second, third, fourth, and fifth *Hubbard* factors weigh moderately against disclosure. Conversely, the first and sixth *Hubbard* factors weigh decidedly in favor of disclosing the parties' joint motion and settlement agreement. In particular, the public has a considerable interest in the disclosure of documents related to public educational institutions like the Seed charter school, as well as settlement documents involving

9

minors like M.L. On balance, the Court finds that these public interest factors outweigh the parties' individualized desire to keep their settlement agreement confidential and withhold its terms from the public eye. The Court reaches this conclusion "after considering the relevant facts and circumstances of th[is] particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts." *In re Leopold*, 964 F.3d at 1131. In short, the Court finds that the parties have not overcome the baseline presumption of judicial openness and that justice does not require sealing the parties' joint motion for settlement approval and their corresponding settlement agreement.

Nonetheless, a narrow caveat is warranted. The public interest upon which the Court relies in this opinion is connected to the operation of the Seed charter school as a public educational institution and the substantive terms of the parties' settlement agreement. The public, however, does not have any apparent interest in the Plaintiffs' personal identifying information, such as Ms. Chante Lee's social security number, M.L.'s full name, or other related information that might implicate their privacy interests, especially those of a minor child. *See* Mot. to Seal, ECF No. 63, at 3. And, as explained above, the disclosure of this information would prejudice these Plaintiffs. Accordingly, the Court finds that redactions of this type of personalized information are appropriate under the *Hubbard* framework. The Court, therefore, will allow the parties to submit an appropriately redacted version of the joint motion and settlement agreement for filing on the public docket. *See, e.g.*, *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 11 (denying motion to seal minor settlement documents but allowing limited redactions of personal information therein).

## II. CONCLUSION

For the seasons set forth in this Memorandum Opinion & Order, the Court **DENIES** the parties' [63] Motion to Seal, which pertains to their [63-2] Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement and their [63-2, Ex. 1] Settlement Agreement and Release and its Addendum. These documents, however, which are presently filed under seal on the public docket, shall remain sealed at this time until further order of the Court.

Instead, the Court **ORDERS** that by or before **OCTOBER 22, 2021**, the parties shall file under seal proposed redacted versions of their [63-2] Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement and their [63-2, Ex. 1] Settlement Agreement and Release and its Addendum. Therewith, the parties shall file a motion requesting this Court's approval of their proposed redactions. That motion shall also note any disputes that the parties have regarding the proposed redactions. After reviewing and approving of the parties' proposed redactions, the Court shall post a final redacted version of the parties' [63-2] settlement documents on the public docket.

**SO ORDERED.**

**Dated:** October 15, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge