**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR**<br><br>PLAINTIFFS,<br><br>V.<br><br>**SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C., ET AL.**<br><br>DEFENDANTS. | **CASE NO. 18-2786 (CKK)** |

## JOINT MOTION FOR COURT APPROVAL OF A SETTLEMENT INVOLVING A MINOR AND TO FUND A STRUCTURED SETTLEMENT

### (Filed Under Seal)

Defendant SEED Public Charter School of Washington, D.C. ("SEED"), together with Plaintiff Chante Lee, personally, and as Parent and Next Friend of Plaintiff M.L. ("Plaintiffs") (collectively referred to as "the Parties"), by and through their respective undersigned counsel, pursuant to D.C. Code §21-120 and LCvR 7(m) hereby file this Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement in the above-captioned matter, and in support thereof respectfully state:

1.    Plaintiff Chante Lee is the mother and Next Friend of Plaintiff M.L., a minor.

2.    Plaintiffs contend M.L. was enrolled at SEED when he was the victim of several instances of violence and bullying committed by other students at SEED during the 2016- 2017 school year.

3.    Plaintiffs originally filed this case against SEED and Mecha Inman in the District of Columbia Superior Court. SEED removed the case to this Court on November 29, 2018. The Parties actively participated in the exchange of written discovery and conducted depositions.

4.      On September 30, 2020, this Court granted the Parties' Joint Motion to Stay Discovery and Request for a Referral to a Magistrate Judge for Mediation.

5.      The Parties attended mediation with the Honorable Robin Meriweather in this case on April 9, 2021. During mediation the Parties reached an agreement in principle to resolve this case in full without the need for further litigation.

6.      Attached hereto as Exhibit 1 is a full copy of the executed Settlement Agreement and Release and its Addendum ("Agreement"). As set forth in the first paragraph of the Agreement, "[t]he settlement memorialized herein will not be valid until approved by a Judge of the United States District Court for the District of Columbia."

7.      D.C. Code § 21-120(a) requires in full:

> A person entitled to maintain or defend an action on behalf of a minor child, including an action relating to real estate, is competent to settle an action so brought and, upon settlement thereof or upon satisfaction of a judgment obtained therein, is competent to give a full acquittance and release of all liability in connection with the action, but such a settlement is not valid unless approved by a judge of the court in which the action is pending.

D.C. Code § 21-120.

8.      As set forth in the Agreement, SEED, together with its insurance carrier Philadelphia Indemnity Insurance Company ("Insurer"), have agreed to pay Plaintiffs $225,000.00 (USD) (Two Hundred Twenty-Five Thousand U.S. Dollars) (hereinafter "the Settlement Proceeds") as compensation to Plaintiffs with a combination of immediate cash and the funding of future periodic payments in the sums outlined in Section 3 of the Agreement. Ex. 1 at 4.

9.      Section 3.1 of the Agreement provides:

**Payments due at the time of settlement to the Plaintiffs and attorney:**

The sum of $103,000.00 upon Court Approval and within twenty (20) days from receipt of this fully and properly executed document. The Plaintiffs agree to pay from said sum attorney fees, costs and expenses incurred by or on their behalf in connection with the complaint and the settlement set forth herein, including payments to subrogees, if applicable.

Ex. 1 at 5.  (emphasis original).

10.     Additionally, Insurer will fund a structured settlement in the amount of $122,000.00. The obligation to make the structured settlement payments will be assigned to Mutual of Omaha Structured Settlement Company "MOSSCO" ("Assignee") by way of a Qualified Assignment by the Insurer. In accordance with the Qualified Assignment, the assignee will fund its obligation to make the periodic payments through the purchase of an annuity from United of Omaha Life Insurance Company, ("Annuity Issuer") an A+ rated life carrier by the independent rating service, A.M. Best.

The following Periodic Payments will be paid as follows:

**PAYEE:  Secured Futures Minors Pooled Trust Agreement FBO M I**

$20,000.00 guaranteed lump sum, payable at Age 18 on 5/6/2024.
$20,000.00 guaranteed lump sum, payable at Age 22 on 5/6/2028.
$20,000.00 guaranteed lump sum, payable at Age 25 on 5/6/2031.
$20,000.00 guaranteed lump sum, payable at Age 30 on 5/6/2036.
$20,000.00 guaranteed lump sum, payable at Age 35 on 5/6/2041.
$20,000.00 guaranteed lump sum, payable at Age 40 on 5/6/2046.
$20,000.00 guaranteed lump sum, payable at Age 45 on 5/6/2051.
$20,000.00 guaranteed lump sum, payable at Age 50 on 5/6/2056.
$20,000.00 guaranteed lump sum, payable at Age 55 on 5/6/2061.
$40,950.75 guaranteed lump sum, payable at Age 60 on 5/6/2066.

All sums set forth herein constitute damages on account of personal physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

3

11.      For good cause shown, the Parties respectfully request this Court approve the Agreement attached as Exhibit 1 to this Motion in full.

12.      To the extent this Court has questions or requires additional information regarding the Agreement, the Parties are willing to attend a status hearing.

13.      Additionally, the Parties respectfully request that this case remain open and a control date for the filing of a status report be set for 45 days following this Court's approval of the Agreement so the Parties can comply with Sections 3.1 and 11 of the Agreement. As set forth in Section 11 of the Agreement, the Parties anticipate filing a Joint Stipulation of Dismissal with Prejudice in this case without delay following Plaintiffs' counsel's receipt of the funds set forth in Section 3.1. Ex. 1 at 8.

14.      Therefore, the Parties respectfully request this Court set a control date deadline for the Parties to file a status report 45 days from the date of this Court's order approving the Agreement. In the event the Parties do not file a Joint Stipulation of Dismissal with Prejudice before the control date, the Parties will file a Joint Status Report to advise the Court on the status of the dismissal of this case.

WHEREFORE, for the foregoing reasons, and good cause shown, the Parties respectfully request this Court grant this Joint Motion and approve in full the Settlement Agreement and Addendum attached as Exhibit 1 to this Motion and set a control date for the filing of a status report 45 days from the date of this Court's order approving the Agreement.

Respectfully submitted,

_/s/ Channing L. Shor_

Justin M. Flint (#491782)
Channing L. Shor (#1024861)
Eccleston & Wolf, P.C.
1629 K Street, NW, Suite 260
Washington, DC 20006
Tel: (202) 857-1696
Fax: (202) 857-0762
flint@ewdc.com
shor@ewdc.com
_Counsel for Defendant_
_SEED Public Charter School of_
_Washington, D.C._

_/s/ Lawrence Manley_ (signed with authorization)

Lawrence Manley, Esq. (#379702)
Law Office of Lawrence Manley & Associates, LLC
700 12th Street, NW, Suite 700
Washington, DC 20005
Tel (202) 256-4524
Fax (240) 414-1120
lmanley@lmanleylaw.com
_Counsel for Plaintiff_

## **LOCAL RULE 7(m) CERTIFICATION**

I hereby certify that on August 9, 2021, Plaintiff's counsel, Lawrence Manley, consented to the relief sought in this Joint Motion before it was filed.

_/s/ Channing L. Shor_
Channing L. Shor (#1024861)

## CERTIFICATE OF SERVICE

I hereby certify that on this day of August 9, 2021, a copy of the foregoing Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement was served by this Court's e-filing system and e-mail to:

> Lawrence B. Manley (#379702)
> 2026 32nd Street, SE
> Washington, DC 20020
> lmanley@lmanleylaw.com
> *Counsel for Plaintiff*

> /s/ *Channing L. Shor*
> Channing L. Shor (#1024861)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR**<br><br>       PLAINTIFFS,<br><br>V.<br>**SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C., ET AL.**<br><br>       DEFENDANTS. | **CASE NO. 18-2786 (CKK)** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF A SETTLEMENT INVOLVING A MINOR AND TO FUND A STRUCTURED SETTLEMENT

1. LCvR 7(m);

2. D.C. Code § 21-120;

3. The reasons set forth in the Joint Motion;

4. The inherent powers of this Court; and

5. Plaintiffs' consent.

Respectfully submitted,

Eccleston & Wolf, P.C.

       /s/ *Channing L. Shor*
Justin M. Flint (#491782)
Channing L. Shor (#1024861)
1629 K Street, NW, Suite 260
Washington, DC 20006
Tel: (202) 857-1696
Fax: (202) 857-0762
flint@ewdc.com
shor@ewdc.com
*Counsel for Defendant*
*SEED Public Charter School of*
*Washington, D.C.*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

**CHANTE C. LEE, AS PARENT AND NEXT FRIENDS OF M.L., A MINOR**

      PLAINTIFFS,

V.

**SEED PUBLIC CHARTER SCHOOL OF WASHINGTON, D.C., ET AL.**

      DEFENDANTS.

---

**CASE NO. 18-2786 (CKK)**

**ORDER**

Upon consideration of the Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement, good cause shown, and the entire record in this case, it is this _____ day of _____ 2021, hereby

**ORDERED** that the Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement is hereby **GRANTED**; and

**ORDERED** that the Settlement Agreement and Addendum attached as Exhibit 1 to the Joint Motion for Court Approval of a Settlement Involving a Minor and to Fund a Structured Settlement is **APPROVED IN FULL** without modification and as of the date of this order is valid and enforceable, and, further

**ORDERED** that this case will remain open and stayed in full so the Parties can comply with Sections 3.1 and 11 of the Agreement;

**ORDERED** that, as a control date, 45 days from the date of this Order the Parties shall file a Joint Status Report to advise the Court on the status of the dismissal of this case if this case has not been dismissed.

_____
Judge Colleen Kollar-Kotelly
United States District Judge

Copies to:
*All Parties of Record*

# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (hereinafter "*this Agreement*") is made this 2 7 day of July 2021, by and between (a) Chante Lee, personally, and as Parent and Next Friend of M████ I██ (hereinafter referred to collectively as "*Plaintiffs*") and (b) Defendants SEED Public Charter School of Washington, D.C., Mecha Inman, and SEED Foundation, Inc. (hereinafter referred to collectively as "*SEED Defendants*"). Plaintiffs and SEED Defendants will be collectively referred to as "*the Parties*" and individually as "*Party*." The settlement memorialized herein will not be valid until approved by a Judge of the United States District Court for the District of Columbia.

### RECITALS

WHEREAS, Plaintiffs have the following action currently pending in the United States District Court for the District of Columbia: *Chante Lee, as Parent and Next Friend of M.L., a minor v. SEED Public Charter School of Washington, D.C. and SEED Foundation, Inc.*, case action number 1:18-CV-2786 (CKK) (hereinafter "*the Litigation*");

WHEREAS, as part of the Litigation, Plaintiffs contend that M████ L██ (hereinafter "*M.L.*") was enrolled at the Seed Public Charter School at all timed complained of in this Litigation;

WHEREAS, as part of the Litigation, Plaintiffs assert M.L. was the victim of several instances of violence and bullying committed by other students at the SEED School during the 2016- 2017 school year;

WHEREAS, as part of the Litigation, Plaintiffs claim on or about September 26, 2016, two students at SEED School assaulted M.L. on the SEED soccer field and M.L. was stomped in the face, hit with rocks and suffered a concussion;

WHEREAS, as part of the Litigation, Plaintiffs assert on or about September 19, 2017, M.L. was attacked in the boys' gym locker room by other male students and was physically assaulted, stomped and punched;

WHEREAS, as part of the Litigation, Plaintiffs contend on September 27, 2017, after students verbally assaulted and insulted M.L., teased him, called him gay, while in his dorm room, M.L. attempted suicide. The September 26, 2016, soccer field incident, September 19, 2017, locker room incident, and September 27, 2017, dorm room incident will be collectively referred to as "*the Incidents*";

WHEREAS, as part of the Litigation, Plaintiffs claim that on October 17, 2017, Chante Lee withdrew her son, M.L. from the SEED School;

WHEREAS, as part of the Litigation, Plaintiffs maintain M.L. has been psychologically and emotionally traumatized as a result of the failure of SEED and Mecha Inman's alleged failure to support him during and after the events of September 19, 2017, and September 27, 2018;

WHEREAS, as part of the Litigation in the Third Amended Complaint, Plaintiffs assert claims for alleged violations of Violation of § 504 of the Rehabilitation Act of 1973, gross negligence, and negligent infliction of emotional distress;

WHEREAS, as part of the Litigation in the Third Amended Complaint, Plaintiffs request actual damages, compensatory damages, attorneys' fees and costs, and prejudgment interest be awarded to them;

WHEREAS, as part of the Litigation, Plaintiffs previously named Mecha Inman and SEED Foundation, Inc. as Defendants but did not name either in the Third Amended Complaint;

WHEREAS, SEED Defendants specifically deny all allegations of wrongdoing or damages arising out of or related to the Incidents;

WHEREAS, SEED Defendants desire to ensure that no claims may be asserted against them, Philadelphia Indemnity Insurance Company, or any of their past, present and future corporate entities, professional associations, law firms, past and current employees, agents, attorneys, representatives, affiliates, partners, assigns, insurers, and/or any predecessors or successors in interest (collectively, the *"Defendants Released Parties"*) by Plaintiffs, or any successor in interest to Plaintiffs, including but not limited to their past, present and future agents, assigns, transferees (including, but not limited to transferees by means of sale, lease, forfeiture, legacy, conveyance, operation of law or otherwise), heirs, executors, trustees, beneficiaries, attorneys and legatees (collectively, the *"Plaintiffs Releasing Parties"*), whether said claims be related to the Litigation, SEED Defendants' services provided to the Plaintiffs, and/or the Incidents or to any future actions relating to, or arising in any manner from, claims that were, might have been or could have been asserted in the Litigation, whether known or not known to or by any of the Plaintiffs Releasing Parties as of the date of execution of this Agreement;

WHEREAS, it is in the mutual interest of the Parties to this Agreement to fully settle and discharge any and all claims and demands of whatever nature between them regarding the disputes and controversies between them in the Litigation, including without limitation, any and all claims and demands asserted, or which could have been asserted in the Litigation and to waive any present or future claims arising out of the Incidents and/or the Litigation identified or not identified as of this date, without the use of further and costly court proceedings;

3

WHEREAS, all Settlement Proceeds, as that phrase is defined below, will be attributed to compensatory bodily injury damages and not punitive damages or the suicide attempt;

NOW, THEREFORE, in consideration of the foregoing recitals and the total payment as set forth below, the promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      Incorporation of Recitals.

The recitals to this Agreement are incorporated by reference herein.

2.      Settlement of All Claims.

Without any admission of liability or fault whatsoever by SEED Defendants, on behalf of SEED Defendants, Philadelphia Indemnity Insurance Company, SEED Defendants' insurance carrier ("Insurer"), shall pay or cause to be paid the sum of $225,000.00 (USD) (Two Hundred Twenty-Five Thousand U.S. Dollars) (hereinafter *"the Settlement Proceeds"*) as compensation to Plaintiffs with a combination of immediate cash and the funding of future periodic payments to the individual(s) named below ("Payee(s)") the sums outlined in Section 3 below. Said payment shall constitute the full and final settlement of any and all claims the Plaintiffs Releasing Parties may have against the Defendants Released Parties, as set forth in Section 9 below. Because a portion of the Settlement Proceeds will be paid to Chante Lee's counsel, Lawrence Manley, Lawrence Manley agrees to sign and complete and remit a W-9 IRS Form for his law firm to the SEED Defendants' counsel, as a condition for payment of the Settlement Proceeds within ten (10) consecutive days following Chante Lee's execution of this Agreement.

3.    Payments.

3.1    **Payments due at the time of settlement to the Plaintiffs and attorney:**

The sum of $103,000.00 upon Court Approval and within twenty (20) days from receipt of this fully and properly executed document.  The Plaintiffs agree to pay from said sum attorney fees, costs and expenses incurred by or on their behalf in connection with the complaint and the settlement set forth herein, including payments to subrogees, if applicable.

3.2    **Periodic Payments.  Insurer agrees to make payment in the following manner:**

**PAYEE:  Secured Futures FBO M████ I██**

$20,000.00 guaranteed lump sum, payable at Age 18 on 5/6/2024.
$20,000.00 guaranteed lump sum, payable at Age 22 on 5/6/2028.
$20,000.00 guaranteed lump sum, payable at Age 25 on 5/6/2031.
$20,000.00 guaranteed lump sum, payable at Age 30 on 5/6/2036.
$20,000.00 guaranteed lump sum, payable at Age 35 on 5/6/2041.
$20,000.00 guaranteed lump sum, payable at Age 40 on 5/6/2046.
$20,000.00 guaranteed lump sum, payable at Age 45 on 5/6/2051.
$20,000.00 guaranteed lump sum, payable at Age 50 on 5/6/2056.
$20,000.00 guaranteed lump sum, payable at Age 55 on 5/6/2061.
$40,950.75 guaranteed lump sum, payable at Age 60 on 5/6/2066.

The cost of the above periodic payments to the Insurer, Philadelphia Indemnity Insurance Company is $122,000.00.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

4.    Payee's Rights to Payments.

Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or any Payee have the

right or power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

5.   Payee's Beneficiary.

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Payee to the Insurer or the Insurer's Assignee.  If no person or entity is so designated by Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee.  No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee.  The designation must be in a form acceptable to the Insurer or the Insurer's Assignee before such payments are made.

6   Consent to Qualified Assignment.

6.1  Plaintiffs acknowledges and agrees that the SEED Defendants, and/or the Insurer may [will] make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the SEED Defendant's and/or the Insurer's liability to make the Periodic Payments set forth in Section 3.2 to Mutual of Omaha Structured Settlement Company ("the Assignee").  The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of SEED Defendants and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

6.2  Such assignment shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge the SEED Defendants and the Insurer from the Periodic Payments obligation assigned to the Assignee. The Plaintiffs recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments

6

obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the SEED Defendants and the Insurer shall thereupon become final, irrevocable and absolute.

7.    Right to Purchase an Annuity.

The SEED Defendants and/or the Insurer, itself or through its Assignee, will fund the liability to make the Periodic Payments through the purchase of annuity policy from United of Omaha Life Insurance Company.  The SEED Defendants, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  The SEED Defendants, the Insurer or the Assignee may have United of Omaha Life Insurance Company mail payments directly to the Payee(s).  The Plaintiff shall be responsible for maintaining a current mailing address for Payee(s) with United of Omaha Life Insurance Company.

8.    Discharge of Obligation.

The obligation of the SEED Defendants, the Insurer and/or the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee(s) named in Section 3 of this Settlement Agreement.

9.    Release by Plaintiffs Releasing Parties.

Chante Lee, for herself, and as Parent and Next Friend of M██████L██ and on behalf of all Plaintiffs Releasing Parties, hereby irrevocably release, acquit and forever discharge the Defendants Released Parties of any and all claims, demands, actions, causes of actions, obligations, and liabilities of any nature and kind whatsoever, known or unknown, whether at law or in equity, whether in property, tort or contract, or any other theory of recovery, from the beginning of time until the date of this Agreement relating to all claims, actions or damages

7

which arise out of or in any way relate to the Incidents, SEED Defendants' services provided to the Plaintiffs, and/or the Litigation, including any and all allegations of fact and claims of injury of any sort whatsoever made by Plaintiffs pertaining to, arising out of or resulting from the Incidents, SEED Defendants' services provided to the Plaintiffs, and/or the Litigation,  However, nothing herein shall be deemed to release any rights and obligations under this Agreement.

10.    Court Approval.

Within ten (10) business days after this Agreement is fully executed by all Parties, counsel for Plaintiffs and counsel for SEED Defendants will file a Joint Motion in the Litigation to approve settlement.

11.    Dismissal.

The Parties agree that within five (5) consecutive calendar days after Plaintiffs receive the funds set forth in Section 3.1, Plaintiffs' counsel will notify SEED Defendants' counsel of receipt. Upon receipt of notification of Plaintiffs' counsel, SEED Defendants' counsel is authorized and shall immediately file, in connection with the Litigation, the Joint Stipulation of Dismissal with Prejudice in the Litigation attached hereto as Exhibit A.

12.    No Prior Assignment.

Plaintiffs warrant and represent that they are the sole owners of the claims asserted in the Litigation and that they have not assigned or otherwise transferred any of their rights, causes of action, or claims for damages against any Defendants Released Parties to any person or individual or entity prior to the execution of this Agreement, and that Plaintiffs will defend, indemnify, including reasonable attorneys' fees, and hold harmless the Defendants Released Party of and from any and all claims brought by said putative assignees.

8

13.    No Admission.

Plaintiffs understand and agree that in executing this Agreement (a) SEED Defendants specifically deny liability of any and every sort and (b) SEED Defendants have made no agreement to do or refrain from doing any act or thing not expressly set forth herein. It is further understood and agreed that this Agreement is not to be construed as an admission of liability by any Defendants Released Parties. Rather, this Agreement ought to be construed as a compromise and settlement of any claims, which claims are specifically denied and disputed. This Agreement is entered into as a compromise to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatever nature, known or unknown.

14.    Confidentiality Provision.

(a)    Except as set forth below, the Parties, as well as their attorneys, agents and privies, shall maintain the terms and conditions of this Agreement as strictly confidential. The Parties shall not notify or comment to the news media or any representative or agent of the news media, shall not publish any information on the world wide web, and shall not inform any other person or entity regarding the disputes that arose between them (including, but not limited to, the facts, matters and allegations involved in or connected with the Litigation) or the terms and conditions of this Agreement.

(b)    The requirements of Section 14(a) do not apply to any information that constitutes public information, is currently in the public record, or the fact that the Litigation has settled. Additionally, the requirements of Section 14(a) do not apply to any disclosures deemed necessary in the Parties' communications with: (i) their respective attorneys, (ii) their respective insurers and/or reinsurers with appropriate assurances of confidentiality, (iii) their respective tax advisors, provided their attorneys and tax advisors agree in advance to keep such information

confidential and not to disclose it to others; or (iv) upon subpoena or summons from any court of competent jurisdiction, insurance regulator, the Internal Revenue Service or other governmental agency, so long as in doing so, the producing party designates the Agreement as "Confidential" and requests a protective order to prevent disclosure outside the proceeding in which the agreement is produced. The Parties agree in advance that any non-breaching party shall have the right as determined by a court of competent jurisdiction to injunctive relief, and upon proof of actual damages, to all other remedies which may be available to such non-breaching party as determined appropriate by such tribunal, including all appropriate actual damages. This Confidentiality Provision is not intended to prevent either Party from testifying in court or otherwise participating in any lawsuit, action, and/or claim asserted, made, and/or filed by any other person involved regarding the Incidents if compelled by summons or subpoena to do so. However, any testimony regarding the Incidents is subject to the provisions set forth in Section 14(a).

(c)     Notwithstanding any other provision of this Agreement or any prior confidentiality agreement between or among any of the Parties: (a) the Parties may disclose information relating to this Agreement, as well as any information provided by Plaintiffs or Plaintiffs' Counsel, to SEED Defendants' accountants, auditors, insurers and reinsurers, and government agencies, as required by law; and (b) more specifically, the Parties may disclose such information for purposes of complying with any reporting and/or reimbursement obligations under the MSP Statute and MMSEA, or responding to any claim, demand, or audit asserting any reporting violations, penalties, or reimbursement liabilities thereunder, including, but not limited to, the disclosure of such information to the Department of Health and Human Services and/or CMS and any agents, representatives, or contractors of the Defendants Released

10

Parties for such purposes. To the extent that the permission of any court or government agency, or a modification of any confidentiality order or protective order, is needed to implement the purposes of this provision, each Party agrees to cooperate in seeking such permission or modification.

      15.    <u>Non-Disparagement Provision.</u>

      The Parties agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that disparage the personal or business reputation, practices, or conduct of each other Party. The Parties acknowledge and agree that this provision extends to statements, written or verbal, made to anyone, including but not limited to the news media or posted on the world wide web. Subject to Section 14, supra, if asked by a third party regarding the nature of the dispute between them, the Parties agree that the following is acceptable language to use: "Chante C. Lee, M██████ I███ SEED Public Charter School of Washington, D.C., Mecha Inman, and SEED Foundation, Inc. had a dispute regarding events that occurred while M████ I██ was a student at SEED Public Charter School of Washington, D.C. which has been resolved to the mutual satisfaction of the Parties." The Parties agree in advance that any non-breaching party shall have the right as determined by a court of competent jurisdiction to injunctive relief, and upon proof of actual damages, to all other remedies which may be available to such non-breaching party as determined appropriate by such tribunal, including all appropriate actual and punitive damages. This provision is a material term of this Agreement, the breach of which entitles the non-breaching party to all damages and remedies available at law and equity.

16.   <u>Medical Expenses and Release of All Liens</u>.

(a) Chante Lee and her counsel expressly represent that there are no medical liens, including third-party subrogation liens, CMS (Center for Medicare and Medicaid Services) liens, and/or District of Columbia Medicaid liens that exist pertaining to the Incidents. In support of this representation to Defendants Released Parties, Chante Lee has signed the Affidavit attached as Exhibit B before a Notary Public and had Exhibit B notarized by a Notary Public.

(b) To the extent any liens exist, in consideration of the Settlement Proceeds, Plaintiffs agree and authorize their attorney to hold in his escrow account the total amount of all liens to ensure that said liens have been paid and discharged, and that all liens shall be satisfied from and out of the Settlement Proceeds payable to Plaintiffs.

(c) To the extent any liens exist, in consideration of the Settlement Proceeds provided herein, Plaintiffs hereby release and forever discharge the Defendants Released Parties, including their insurer(s), of and from any and all liens (including but not limited to any Medicare or Medicaid liens), subrogation claims for any medical or other payments due or claimed to be due under the law of any state or the federal government, and/or expenses incurred as a result of and reasonably related to the claims that were or could have been asserted by Plaintiffs relating to the Incidents. The Plaintiffs Releasing Parties further covenant and agree to hold the Defendants Released Parties, including their insurer(s), harmless from any such liens or claims and to indemnify and defend the Defendants Released Parties, including their insurer(s), from any claim arising from or reasonably related to the claims that were or could have been asserted by Plaintiffs relating to the Incidents made by any lienholder, medical care provider or other creditor against the Defendants Released Parties which is found to be valid by a court of competent jurisdiction, including the costs of any litigation and attorney's fees.

17.  Satisfaction of Liens.  Plaintiffs represent, warrant, and agree that they have the obligation, duty and responsibility to satisfy any and all outstanding bills, debts and other liens of any kind, whether known or unknown, which do or might exist against the amount paid under this Agreement. Plaintiffs fully exonerate the Defendants Released Parties, including their insurer(s), from any obligation to any such lien holder or other creditor, and the Plaintiffs Releasing Parties will indemnify, defend and hold the Defendants Released Parties, including their insurer(s), harmless from any claim made against them by any lienholder or other creditor arising from or related to the Incidents and/or the Litigation, including any costs and attorney's fees incurred in responding to or defending any such claim.

18.  Indemnity and Hold Harmless.  The Plaintiffs Releasing Parties agree to indemnify and hold harmless the Defendants Released Parties for any and all claims, demands, actions, cross-actions, causes of actions, suits or complaints of any kind that may be asserted by any person, persons, firms, corporation, or other entity, as a result of or in any way connected with any claim, taxes, demand, action, indemnity, contribution, lien, financing agreement, suit, judgment, or finding of any court in any way arising out of or relating to the Incidents, the Litigation, and/or the alleged damages claimed by or allegedly sustained by the Plaintiffs Releasing Parties. The Plaintiffs Releasing Parties further agree that their duty to indemnify the Defendants Released Parties includes the duty to pay all reasonable costs and attorneys' fees incurred by the Defendants Released Parties in defending against claims brought by the Plaintiffs Releasing Parties, or anyone acting on their behalf, or any claims for contribution and/or indemnification brought against the Defendants Released Parties by any person or entity.

19.     Covenant Not to Sue.

Plaintiffs, on behalf of all Plaintiffs Releasing Parties, covenant and agree not to sue or otherwise bring or pursue any claim or cause of action, whether currently known or unknown, against any Defendants Released Parties for damages in any way related to or arising from the Incidents and/or the Litigation.  It is expressly understood and agreed that if Plaintiffs bring or pursue such a claim or cause of action, they shall indemnify (including reasonable attorney's fees), hold harmless and defend Defendants Released Parties with respect to any resulting claims or suits of whatsoever nature, including contribution and/or indemnity, which may thereafter be made against them.

20.     Severability

If a provision of this Agreement is or becomes illegal, unenforceable, or invalid in any jurisdiction, the remainder of this Agreement shall remain in full force and effect and shall not affect (1) the enforceability or validity in that jurisdiction of any other provision of this Agreement, or (2) the enforceability or validity in other jurisdictions of that or any other provision of this Agreement.

21.     Enforcement of Agreement.

In any action brought to enforce or interpret the terms of this Agreement, the prevailing Party in such action shall be entitled to recover all costs and expenses incurred in such action, including their reasonable attorneys' fees.

22.     Warranty of Capacity to Execute Agreement

Chante Lee, as guardian, authorized agent, next friend and parent of M.L., agrees and understands that she is executing this Agreement not simply in her individual capacity, but in her

14

additional capacity as guardian, next friend, and trustee of M.L., a minor, for the purposes herein contained and specifically pursuant to D.C. Code § 21-120. This Agreement is not valid until court-approved. Further, Chante Lee hereby releases the SEED Defendants from any liability whatsoever for any matter regarding the release and management of the funds which constitute the payment made by or on behalf of the SEED Defendants as all or part of their consideration given in the settlement of this claim.

23.    Miscellaneous.

(a)    Fully Integrated Agreement. This Agreement constitutes the complete, final, and entire understanding of the Parties hereto, and the Parties shall not be bound by any terms, covenants, conditions, or representations not expressly herein contained, in this writing.

(b)    Modification. This Agreement may not be modified or changed orally, but only by an agreement in writing signed by the Party against whom enforcement of any such changes is sought.

(c)    Choice of Law. This Agreement shall be governed by and interpreted according to the Laws of the District of Columbia. To the extent federal law preempts state law, this Agreement shall in all respects be interpreted, enforced and governed under federal law.

(d)    Construction. It is expressly agreed and stipulated that this Agreement shall be construed without regard to any presumption or other rule requiring construction against the party who caused it to have been drafted.

(e)    Costs and Attorneys' Fees. Each Party hereto shall bear all attorneys' fees, costs, and disbursements arising from the actions of their own counsel in connection with this

Agreement and the matter and documents referred to herein, unless this Agreement expressly provides otherwise.

        (f)     <u>Advice of Counsel and Representation of Comprehension of Documents</u>.

Plaintiffs have relied upon the advice of Plaintiffs' Counsel with respect to all aspects of this Agreement, including but not limited to the terms of and obligations arising under MMSEA, the MSP Statute, CMS regulations and guidance with respect to the reimbursement of Medicare for Conditional Payments, and the Tax Code. Further, Plaintiffs warrant and represent that they have been fully informed by their counsel, Lawrence Manley, Esq., and have full knowledge of the terms, conditions and effects of this Agreement.

        (g)     <u>Cooperation</u>.  The Parties agree to cooperate fully and execute any and all supplementary documents and to take any and all additional action that may be necessary or appropriate (including, without limitation, obtaining court approval) to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with the terms set forth herein.

        (h)     <u>Notices</u>.  All notices, requests, demands and other communications required by or given pursuant to this Agreement shall be addressed to each Party at the address hereinafter specified:

If to Plaintiffs:

Lawrence B. Manley, Esquire
2026 32nd Street, SE
Washington, DC 20020

If to SEED Defendants:

Justin M. Flint, Esquire
Channing L. Shor, Esquire
ECCLESTON & WOLF, P.C.
1629 K Street, NW
Suite 260
Washington, DC 20006

**[Signature pages begin on next page]**

IN WITNESS WHEREOF, I have hereto caused this Agreement to be duly executed as of the day and year first above written.

WITNESS:

_____ [SEAL]
LAWRENCE MANLEY, ESQUIRE

18

IN WITNESS WHEREOF, I have hereto caused this Agreement to be duly executed as of the day and year first above written.

WITNESS:

_____       _____ [SEAL]
                                       CHANTE LEE, Individually and as parent,
                                       next friend, and authorized agent of M███ L███

## NOTARY PUBLIC

STATE OF _District of Columbia_

CITY/COUNTRY OF ____Washington____

I HEREBY CERTIFY that on this _27th_ day of July 2021, before me, the subscriber, a Notary Public of the State and City aforesaid, personally appeared _Chante Lee_ and executed the foregoing **"SETTLEMENT AND GENERAL RELEASE AGREEMENT"** for the purpose therein contained.

_____
Notary Public

My Commission Expires: _03/14/2025_

19

Exhibit A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CHANTE C. LEE, AS PARENT AND NEXT
FRIENDS OF M.L., A MINOR

       PLAINTIFFS,

V.

SEED PUBLIC CHARTER SCHOOL OF
WASHINGTON, D.C.

       DEFENDANT.

CASE NO. 18-2786 (CKK)

## STIPULATION OF DISMISSAL WITH PREJUDICE

It is hereby stipulated by and between counsel for Defendant SEED Public Charter School of Washington, D.C. and Chante C. Lee, as parent and next friend of M.L., pursuant to this Court's approval of the settlement involving minor M.L. in the above-referenced case on _____ and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure that in the above-referenced case all claims are hereby dismissed with prejudice by agreement, each party to bear its own fees and costs.

Respectfully submitted,

*/s/ Channing L. Shor*
Justin M. Flint (#491782)
Channing L. Shor (#1024861)
ECCLESTON & WOLF, PC
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
Tel: (202) 857-1696
flint@ewdc.com
shor@ewdc.com
*Counsel for Defendant SEED*
*Public Charter School of*
*Washington, D.C.*

*/s/ Lawrence B. Manley* (signed with authorization)
Lawrence B. Manley (#379702)
2026 32nd Street, SE
Washington, DC 20020
lmanley@lmanleylaw.com
*Counsel for Plaintiffs*

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this _____ day of July 2021, I served true and accurate copies of the foregoing Stipulation of Partial Dismissal with Prejudice to all Counsel of Record by this Court's electronic filing system.

_/s/ Channing L. Shor_
Channing L. Shor (#1024861)

**Exhibit B**

## <u>AFFIDAVIT</u>

STATE OF <u>District of Columbia</u>

COUNTY OF <u>Washington (Southeast)</u>


BEFORE ME, the undersigned authority, personally appeared Chante Lee, who, being first duly sworn upon oath states the following:

1.      I make this Affidavit of my own free will. I am over the age of eighteen, of sound mind, and have personal knowledge of the facts set forth in this Affidavit. If called upon to testify concerning the facts presented in this Affidavit, I could and would give competent testimony.

2.      This Affidavit is given in consideration of the settlement reached in the action entitled *Chante Lee, as Parent and Next Friend of M.L., a minor v. SEED PCS, et al.* ("Subject Action"). I understand that Defendant Released Parties (as that phrase is defined in the Settlement Agreement) are relying upon the statements set forth in this Affidavit in making the payment of the settlement consummated in the Subject Action.

3.      My full legal name is <u>Chante' C. Lee</u>. My date of birth is ▓▓▓▓▓▓, and my present age is <u>42</u> years. My social security number is ▓▓▓▓▓▓▓.

4.      I am not presently eligible to collect, nor am I presently collecting, Medicare or Social Security Disability Insurance.

5.      I have not submitted a request to Medicare seeking benefits for any damages, conditions, or injuries related in any manner to the claims made and settled in the Subject Action.

6.      I do not have a reasonable expectation of enrollment in Medicare within the next 30 months.

7.      I have not applied for Social Security Disability Insurance, and I have no plans to apply for Social Security Disability Insurance, in connection with any damages, conditions, or injuries related in any manner to the claims made and settled in the Subject Action.

8.      No portion of any expenses incurred to date in connection with the claims made and settled in the Subject Action have been paid, or are reasonably expected to be paid, pursuant to any health insurance program provided, or funded in whole or in part, by Medicare or Medicaid.

9.  I do not have end stage renal disease or Lou Gehrig's disease.

BY _____
            Signature

Chante' C. Lee
Printed or Typewritten Name

SUBSCRIBED and SWORN to (or affirmed) before me on this <u>22th</u> day of <u>June</u>, 2021, by

_____, proved to me on the basis of satisfactory evidence to be the

person(s) who appeared before me.

_____
Notary Public

_____
Printed or Typewritten Name

My Commission Expires: _____

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

This ADDENDUM serves to modify the SETTLEMENT AGREEMENT AND RELEASE dated July 27, 2021, (hereinafter "the Agreement") by and between (a) Chante Lee, personally, and as Parent and Next Friend of M████ L██ (hereinafter referred to collectively as "*Plaintiffs*") and (b) Defendants SEED Public Charter School of Washington, D.C., Mecha Inman, and SEED Foundation, Inc. (hereinafter referred to collectively as "*SEED Defendants*") with the limited modification set forth below. Plaintiffs and SEED Defendants will be collectively referred to as "*the Parties*." This Addendum, the same as the Settlement Agreement and Release, will not be valid until approved by a Judge of the United States District Court for the District of Columbia.

After the Agreement was fully executed the life company advised that the name of the Payee for the future periodic payments outlined in Section 3.2 of the Agreement needed to be revised. Therefore, pursuant to Section 23(b) of the Agreement, the Parties execute this Addendum.

The Parties agree that in Section 3.2 of the Agreement on page 5, the Payee should be revised to read "Secured Futures Minors Pooled Trust Agreement FBO M██████ L██." This is the only change to the Agreement and all other terms of the Agreement remain unchanged.

[Signature page begins on next page]

IN WITNESS WHEREOF, I have hereto caused this Addendum to be duly executed.

08/05/2021
Date

Lawrence Manley, Esquire          [SEAL]


IN WITNESS WHEREOF, I have hereto caused this Addendum to be duly executed.

08/05/2021
Date

CHANTE LEE, Individually and as parent,
next friend, and authorized agent of M███ L██          [SEAL]


IN WITNESS WHEREOF, I have hereto caused this Addendum to be duly executed.

8/5/2021
Date

MECHA INMAN, Individually and as authorized agent
for SEED Public Charter School of Washington, D.C.
and SEED Foundation, Inc.          [SEAL]

2